**Frank FRASSETTO, Petitioner–Appellant,**

**v.**

**William PERRILL, Warden, Raybrook Correctional Institute and United States Parole Commission, Respondents–Appellees.**

**No. 334, Docket 91–2291.**

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1991.

Decided Jan. 28, 1992.

J. Jeffrey Weisenfeld, New York City, Goldberger & Dubin, P.C., Paul A. Goldberger, on the brief, for petitioner-appellant.

Henry M. Greenberg, Asst. U.S. Atty., Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., William C. Pericak, Asst. U.S. Atty., of counsel), for respondents-appellees.

Before LUMBARD, KEARSE, and PRATT, Circuit Judges.

LUMBARD, Circuit Judge:

Frank Frassetto appeals from an order of the District Court for the Northern District of New York, Howard G. Munson, *Judge,* denying his petition for a writ of habeas corpus. Frassetto argues that adverse information used by the United States Parole Commission (the "Commission") to reconsider an earlier parole decision did not qualify as "new" evidence under 28 C.F.R. § 2.28(f) or justify reopening his case. We affirm the denial of the writ.

A jury convicted Frassetto of orchestrating a series of bombings successfully calculated to take the life of Salvatore Gingello, a prominent figure in a rival crime organization. At sentencing, Judge MacMahon addressed Frassetto:

> Your role here was ... very major.... You deliberately participated in the plot to murder Gingello. You assisted in the attempts on his life, time and again.... [T]he jury found that you were there on the night he was killed, you terrorized this community, you endangered the lives of your own children.... You exposed and endangered the lives of innocent people, all with cold bloodedness, without mercy, without thought for a motive that can only be described as callous greed and total indifference to what happened to other people. You are a monster and I am going to take you out of society for a good long time.

Accordingly, on March 11, 1980, Judge MacMahon sentenced Frassetto to an aggregate of thirty years incarceration for convictions on all fourteen counts of an indictment charging him with possession, transportation and use of destructive devices, conspiracy, racketeering, and obstruction of justice.

On October 4, 1989, the Commission granted Frassetto an initial parole hearing. Frassetto's file contained presentence reports which did not mention Gingello's death, and the sentencing judge's recommendations were omitted. In addition, Frassetto told the parole officers that the explosions caused no injuries. Thus, the pre-review parole assessment stated that "no documentation ... indicate[s] that any persons were actually injur[ed]" by Frassetto's acts. Based on the assessment, the Commission set parole for January 26, 1990.

After the decision, the Commission received three letters from the Department of Justice outlining the full nature of Frassetto's crimes. Five hundred pages of transcripts, legal memoranda, and other documentation not previously considered accompanied the letters. Included in the material were the comments of the sentencing judge and details about Gingello's death. Relying on this additional information, the Commission reopened the case and scheduled a reconsideration hearing. At Frassetto's request, the hearing was adjourned pending this habeas petition, and the Commission has had no opportunity to reconsider the matter.

The habeas petition was referred to a magistrate by a standing order from Judge Munson. Frassetto claimed that the Commission had improperly reopened his case because the additional information was not "new" and thus did not justify a rehearing. In a comprehensive report, the magistrate rejected Frassetto's claim and recommended denial of the writ. Judge Munson approved the report and denied and dismissed the petition. This appeal followed.

The relevant language of the federal regulation invoked by the Commission to reopen Frassetto's file reads:

> *New adverse information.* Upon receipt of new and significant adverse information ... a Commissioner may refer the case to the National Commissioners with [a] recommendation and vote to schedule

the case for a special reconsideration hearing.

28 C.F.R. § 2.28(f) (1991). Frassetto maintains that reconsideration of his parole date is improper because the Commission is not evaluating any "new" information.

We have long held that "new information under § 2.28(f) is information that was not in front of the commission for consideration during the parole hearing." *Iuteri v. Nardoza ("Iuteri II")*, 560 F.Supp. 745, 753 (D.Conn.1983), *aff'd*, 732 F.2d 32 (2d Cir. 1984). *See also Patterson v. Gunnell*, 753 F.2d 253, 256 n. 1 (2d Cir.1985) (interpreting *Iuteri II* to stand for the proposition that " 'new' means not previously considered by the Parole Commission"); *Iuteri v. Nardoza ("Iuteri I")*, 662 F.2d 159 (2d Cir.1981).

Most other courts construing § 2.28(f) have reached the same interpretation. *See Lewis v. Beeler*, 949 F.2d 325, 329 (10th Cir.1991) ("[W]e hold that information is new ... where it has not been considered by the Commissioner who made the decision which the Commission seeks to reopen."); *Goble v. Matthews*, 814 F.2d 1104, 1108 (6th Cir.1987) ("[T]he Commission or its designee may reaffirm a presumptive release date on the basis of information contained in the file but inadvertently overlooked ... as part of its statutory power to grant or deny parole applications."); *Torres–Macias v. United States Parole Comm'n*, 730 F.2d 1214, 1217 (9th Cir.1984) (" '[N]ew information' [is] information not considered at the time of the parole decision."), *overruled on other grounds by Wallace v. Christensen*, 802 F.2d 1539, 1554 n. 10 (9th Cir.1986); *Williams v. United States Parole Comm'n*, 707 F.2d 1060, 1065 (9th Cir.1983) ("[A]n item as important as the sentencing judge's recommendation ... [may] serve as a basis for reopening" a case even if it was in the Commission's file but not considered "by the examiners in making their parole decision."), *overruled on other grounds by Wallace v. Christensen*, 802 F.2d at 1554 n. 10; *Fardella v. Garrison*, 698 F.2d 208, 211 (4th Cir.1982) ("[I]nformation is new if it is received by the Commission after the initial parole determination even though it

was in existence prior to that time."). *But see Ready v. United States Parole Comm'n*, 483 F.Supp. 1273, 1276–77 (M.D.Pa.1980).

This interpretation of the regulation reflects the Commission's function as a record-reviewing, rather than investigative, agency. *See Iuteri II*, 560 F.Supp. at 753. It is also in accord with the regulation's original purpose: to address adverse information which other persons or authorities disclose to the Commission after a parole decision. *See* 45 Fed.Reg. 84,053 (Dec. 22, 1980). "As long as [the information] was not presented [to the Commission], the information is 'new;' it need not have been formerly unavailable or unknown." *Iuteri II*, 560 F.Supp. at 753.

Here the district court found that, during the parole hearing, the Commission did not have documentation of Frassetto's involvement in Gingello's murder, an error precipitated in part by Frassetto's own misleading statements. Furthermore, the Commission did not have the comments of the sentencing judge. Accordingly, the information provided by the Department of Justice is "new" for purposes of reopening Frassetto's file under § 2.28(f), and the Commission acted appropriately in scheduling a rehearing.

Affirmed.