John Anthony **GRUFF**, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 9, 2009.

Decided Dec. 23, 2009.

---

John Anthony Gruff, petitioner, pro se.

Chad L. Allensworth, Asst. Counsel, Harrisburg, for respondent.

## OPINION

PER CURIAM.

John Anthony Gruff (Gruff), pro se, petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that rescinded his parole after he had been released from confinement and was at liberty on parole. Gruff argues that the Board erred in rescinding his parole for conduct that he engaged in prior to his parole and that he believes the Board was, or should have been, aware of when it granted him parole. The Board argues that the rescission was proper and that Gruff's petition for review should be quashed as being untimely.

Gruff was initially sentenced to a term of approximately five to twelve years for crimes including aggravated assault with serious bodily injury, violation of a court order not to possess or use firearms, and driving under the influence. On May 8, 2007, the Board granted Gruff release from SCI–Fayette on parole from this sentence. (Board Order, May 8, 2007, R. at 6.) On July 9, 2007, Gruff executed an acknowledgement of the conditions of parole which included, "that no evidence of past crimes . . . previously undiscovered, comes to light." (Order to Release on Parole/Reparole, R. at 10.) Gruff was released from custody that same day.

On October 9, 2007, the Pennsylvania Attorney General's Office filed new criminal charges against Gruff resulting from Gruff's filing of fraudulent Uniform Commercial Code (UCC) liens on or about March 30, 2005, while he was incarcerated. Gruff had filed the fraudulent UCC liens with the Department of State against: the Honorable Joseph Rehkamp of the Court of Common Pleas of Perry County; the Honorable Charles F. Chenot of the Court of Common Pleas of Perry County; Brenda Albright, Perry County Prothonotary; Jeffrey Beard, Secretary of the Department of Corrections; and Harry Wilson, Superintendent of SCI–Fayette.[1] On December 17, 2007, the Board received notice of these charges and promptly issued an order to commit and detain Gruff. (Supervision History Report, R. at 19.) On December 18, 2007, Harrisburg Police arrested and detained Gruff.

On January 31, 2008, the Board issued a Notice of Good Cause and Hearing (Notice), stating that it had good cause to rescind Gruff's parole based on his filing of fraudulent UCC liens and the Board's lack

---

1. A full discussion of Gruff's fraudulent UCC filings can be found in *Gruff v. Department of State*, 913 A.2d 1008 (Pa.Cmwlth.2006), and *Gruff v. Department of State*, 934 A.2d 769 (Pa.Cmwlth.2007).

of awareness of this conduct at the time of Gruff's parole. In the Notice, the Board explained that, at the time of parole in May of 2007, it "was unaware of the alleged conduct." (Notice, R. at 22.) As a result, the Board scheduled a rescission hearing for February 8, 2008, at 11:00 a.m., at SCI–Camp Hill.

At the hearing, an agent for the Board, George Mann, submitted into evidence a copy of the criminal complaint against Gruff and testified that, at the time of Gruff's parole, the Board was unaware of the charges against Gruff. In addition, Mr. Mann testified that the Board was made aware of the charges on December 17, 2007. (Rescission Hr'g Tr. at 10, R. at 35.) Gruff was represented by counsel and testified on his own behalf that there was no basis for the rescission of his parole since the charges were for conduct occurring prior to his release on parole and the statute of limitations had ended. (Rescission Hr'g Tr. at 11–12, R. at 36–37.) Counsel for Gruff also argued that the Board failed to present evidence proving that the Board was unaware of the charged behavior prior to paroling Gruff. (Rescission Hr'g Tr. at 8–10, R. at 33–35.)

The Board, thereafter, rescinded Gruff's parole on February 28, 2008, on the basis of good cause. (Notice of Board Decision (February 28, 2008 Decision), R. at 58.) The February 28, 2008 Decision, which the Board sent to Gruff, states in its entirety:

> AS RECORDED ON FEBRUARY 28, 2008 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
> RESCIND PAROLING BOARD ACTION RECORDED ON 05/08/07 AND MODIFIED ON 07/06/07, GOOD CAUSE ESTABLISHED. AND NOW . . .
> LIST FOR REVIEW ON NEXT AVAILABLE DOCKET.

(Decision, R. at 58.) The February 28, 2008 Decision does not explain the Board's basis for determining that it had good cause to rescind Gruff' s parole and contains no information regarding the right to, or method of taking, an appeal.

■ Gruff sent letters to the Board requesting administrative relief on January 28, 2008, March 14, 2008, and October 8, 2008. (Letter from Gruff to Board (January 28, 2008), R. at 49; Letter from Gruff to Board (March 14, 2008), R. at 59; Letter from Gruff to Board (October 8, 2008), R. at 69.) The Board responded twice to Gruff's letters, first on April 9, 2008, and then on November 7, 2008, stating that the regulations pertaining to administrative relief do not apply to decisions rescinding prior grants of parole and that no further action would be taken by the Board. (Letter from Board to Gruff (April 9, 2008), R. at 67; Letter from Board to Gruff (November 7, 2008), R. at 74.) On December 5, 2008, Gruff filed a petition for writ of mandamus [2] in this Court's original jurisdiction, docketed at 579 M.D. 2008, in which he sought to have his parole reinstated. In disposing of the Board's preliminary objection alleging lack of original jurisdiction, this Court issued an order transferring the case to our appellate jurisdiction. In a footnote, this Court noted the Board's failure to entertain Gruff' s administrative appeal and inconsistent preliminary objection alleging that Gruff should have filed a timely appeal in this Court's appellate jurisdiction. *Gruff v. Pennsylvania Board of Probation and Pa-*

---

**2.** By order dated December 17, 2008 and docketed at 579 M.D. 2009, this Court directed that Gruff's petition for writ of mandamus be treated as a petition for review in this Court's original jurisdiction.

*role* (Pa.Cmwlth. No. 579 M.D.2009, May 1, 2009) at 2 n. 1. We now consider Gruff's petition for review from the Board's decision rescinding his parole.[3]

Gruff argues that his conduct with regard to the fraudulent UCC liens cannot serve as the basis for rescission because the conduct occurred prior to his release and, therefore, the information was presumably available to the Board when it granted him parole. The Board, however, argues that Gruff did not file a timely appeal of the Board's rescission decision with this Court and that our Court should, therefore, quash Gruff's petition for review. Additionally, the Board argues that, on the merits, the Board did not abuse its discretion by rescinding parole after discovering that Gruff, while incarcerated, engaged in criminal conduct by filing fraudulent UCC liens against judges and other public servants. We will first address the Board's procedural challenge to Gruff's petition for review before we reach the merits of the petition.

Preliminarily, the Board argues that Gruff's petition for review must be quashed because it was not timely filed. "A petition for review of a quasi[-]judicial order ... shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1). A quasi-judicial order is defined as "[a]n order of a government unit, made after notice and opportunity for hearing, which is by law reviewable solely upon the record made before the government unit, and not upon a record made in whole or in part before the reviewing court." Pa. R.A.P. 102.

In this case, Gruff seeks judicial review of the Board's decision rescinding his parole. Gruff's petition for review was filed with this Court on December 5, 2008. The Board considers the February 28, 2008 Decision it sent to Gruff to be the decision that triggered the 30–day deadline for filing a petition for review with our Court. Because the Board has not provided administrative relief to individuals who wish to appeal decisions rescinding their parole, there has been confusion by Gruff, as well as the Board, regarding the appropriate procedure by which the Board's initial February 28, 2008 Decision should have been reviewed.

 In general, we have described the differences between a typical parole rescission and a parole revocation as follows: a rescission "is based on information or facts arising prior to the inmate's release on parole, while a revocation arises only when an inmate already at liberty on parole violates a term or condition of that parole or is convicted of a crime while on parole." *Lord v. Pennsylvania Board of Probation and Parole,* 135 Pa.Cmwlth. 225, 580 A.2d 463, 464, n. 1 (1990). In addition, a revocation carries with it "a constitutionally guaranteed right for a prisoner to seek review of a parole revocation." *Id.* We have explained that these differences arise from the " 'crucial distinction' between a revocation hearing where the parolee's liberty is at stake, and the denial of parole where the inmate is already confined."[4] *Id.*

---

3. This Court's review is "limited to whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence." *Dinkins v. Department of Justice, Pennsylvania Board of Probation and Parole,* 105 Pa. Cmwlth. 282, 523 A.2d 1218, 1220 n. 1 (1987).

4. Although parolees do not possess the full liberty of ordinary citizens, the United States Supreme Court has described the liberty of a parolee as including "many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others. ... [T]he liberty is valuable and must be seen as within the protection of

■ Prior to an inmate's release from confinement on parole, the Board issues an order granting parole, the inmate signs an acknowledgement of parole conditions, and the Board issues a release order. *Id.* at 464–65. We have recognized the Board's power to rescind a grant of parole without judicial review where the parole is unexecuted—that is, before the inmate signs the acknowledgement of conditions and before the Board issues the release order. *Id.* (citing *Johnson v. Pennsylvania Board of Probation and Parole,* 110 Pa.Cmwlth. 142, 532 A.2d 50 (1987)). The Court has considered such a rescission similar to a decision denying a parole application. However, where the grant of parole has been executed,[5] even if the inmate has not been released from confinement, this Court has required due process guarantees of notice and a hearing, which can be reviewed upon appeal. *Lord,* 580 A.2d at 465; *see also Green v. Pennsylvania Board of Probation and Parole,* 101 Pa. Cmwlth. 132, 515 A.2d 1006, 1008 (1986) (stating that a parolee may be entitled to due process even though not released from prison, where he is on "constructive parole" (i.e., paroled from his original sentence but serving a detainer sentence)). In this case, the Board rescinded Gruff's parole after Gruff was released from confinement and was already at liberty on parole. Therefore, although the criminal conduct that formed the basis for the rescission occurred prior to his release on parole and, thus, would appropriately result in a rescission, Gruff's legal interest in his liberty is similar to what it would be had his parole been revoked in a revocation proceeding.

■ The Board implicitly recognized that the rescission in this case was atypical because it provided Gruff with a hearing, at which he was represented by counsel, before an impartial decision-maker, and which was transcribed, prior to rescinding his parole. (Rescission Hr'g Tr. at 1–15, R. at 26–40); *see also Morrissey v. Brewer,* 408 U.S. 471, 484–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (discussing the procedures necessary to revoke parole in conformity with the requirements of due process). However, the Board's February 28, 2008 Decision stated only that Gruff's parole was rescinded. The February 28, 2008 Decision did not include a statement by the fact-finder as to the evidence relied upon and the reasons for the rescission. There was also no statement instructing Gruff how he could appeal the rescission of his parole. We believe that, in order to rescind parole after a parolee has been released and is at liberty on parole, the Board must utilize a process similar to the process used for revocation of parole because of the similar liberty interest in the parolee. *See, e.g., Lord,* 580 A.2d at 465.[6] This process includes: written notice of

the Fourteenth Amendment." *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

5. Per *Lord,* parole is "executed" when the parolee signs an acknowledgement of his parole conditions and the Board issues a release order. *Lord,* 580 A.2d at 464.

6. We note that the Board has established a two-step procedure for making parole revocation decisions. *Goods v. Pennsylvania Board of Probation and Parole,* 590 Pa. 132, 142, 912 A.2d 226, 232 (2006). Initially, a revocation hearing takes place, concluding in a determination. Subsequently, a petitioner may appeal for administrative relief to the administrative board. *Id.* at 143, 912 A.2d at 232. Once a decision or denial has been made by the Board in an appealable order, a petitioner may appeal to this Court. *Bowman v. Pennsylvania Board of Probation and Parole,* 709 A.2d 945, 949 (Pa.Cmwlth.1998). It is up to the Board to determine what administrative procedures should be used for rescinding parole where the parolee has been released from custody and is at liberty on parole.

the basis for the rescission; a fact-finding hearing at which the parolee can appear and present evidence; a right to cross-examine adverse witnesses, unless there is "good cause" to deny the parolee that right; a neutral and impartial decision-maker; and written conclusions which include the evidence relied upon and the reasons for the rescission. *Morrissey*, 408 U.S. at 489, 92 S.Ct. 2593; *see also* Wile, Pennsylvania Law of Probation and Parole § 13:2 (2nd ed. 2003) (describing the due process procedures required in parole revocation cases).

"[T]his Court's appellate jurisdiction over a decision of the Board of Probation and Parole does not attach until after the Board has entered a *final appealable order, usually denying administrative relief,* and an appeal has been taken therefrom." *Bowman v. Pennsylvania Board of Probation and Parole,* 709 A.2d 945, 949 (Pa. Cmwlth.1998) (emphasis added). Here, as noted, the February 28, 2008 Decision the Board sent to Gruff did not contain the evidence relied upon or the reasoning underlying the rescission. Moreover, there was no indication in the February 28, 2008 Decision that Gruff could file an appeal from that determination. In its brief, the Board implicitly acknowledges that the February 28, 2008 Decision was not, by itself, an appealable order, stating that after Gruff received both the February 28, 2008 Decision *"and* a correspondence stating that he had no administrative remedy with the Board as of April 2008 ... he was *put on notice by default* that the only available remedy left was to immediately file a petition for review with this Court." (Board's Br. at 8 (emphasis added).) Given these defects in the Board's February 28, 2008 Decision, and the lack of clear guidance from this Court or in the Board's regulations regarding the rescission of executed parole, we will construe the Board's letter dated November 7, 2008 to Gruff,

advising him that there are no regulations for administrative review of the February 28, 2008 Decision and that no further action would be taken by the Board on his rescission, as a final determination of the Board from which Gruff could appeal. Gruff' s petition for review was filed in this Court on December 5, 2008, which is within 30 days of the date of the Board's November 7, 2008 letter. Therefore, we disagree with the Board that Gruff failed to timely petition this Court for review of the Board's rescission decision.

Although the Board has not issued a decision that contains the facts and reasoning for its rescission decision, there is no real dispute over the facts or reasoning employed by the Board in reaching its determination. Because both parties brief the merits of this petition for review, and we can decide the legal issue Gruff raises from the record before us, we will not remand the matter to the Board for it to issue a final order that complies with *Morrissey,* but will, instead, resolve the merits of Gruff's petition for review.

■ On the merits, Gruff argues that his conduct cannot serve as the basis for rescission because the conduct occurred prior to his release and, therefore, the information was presumably available to the Board when it granted him parole. This Court has been presented with this issue before. In *Rackley v. Pennsylvania Board of Probation and Parole,* 881 A.2d 69 (Pa.Cmwlth.2005), the petitioner was actually released on parole in June of 2004, with a "special condition proscribing any contact with minor children." *Id.* at 70. Evidence was presented that, within the week prior to his release, the petitioner had offered to visit a fellow inmate's home and photograph the inmate's young children. *Id.* This Court held that, similar to "the federal scheme, [since] a prisoner's

scheduled release date [may] be postponed ... upon the receipt of new and significant adverse information," the Board may likewise "act upon information that existed at the time of the initial parole determination but was not considered by the" Board. *Id.* at 71–72.

Here, the Board presented the criminal complaints filed by the Attorney General against Gruff, which were dated October 9, 2007, three months after the date of Gruff's parole. At the hearing, Mr. Mann testified and submitted evidence showing that the Board was unaware of Gruff's filing of fraudulent UCC liens at the time it granted Gruff parole. Furthermore, Mr. Mann testified that the Board would not have granted Gruff parole had it known of this conduct. (*See* Rescission Hr'g Tr. at 7, R. at 32; Police Criminal Complaint, R. at 41.) With this, the Board has provided a prima facie showing that it was not aware of Gruff's alleged criminal conduct at the time of his parole. Gruff has not brought forth any evidence which would show that the Board was aware of his conduct prior to this date.

Moreover, in *Rackley,* this Court agreed with the Board's actions, as they furthered the goals of the Act then commonly known as the "Parole Act." [7] *Id.* at 71–72. Similar to the former Parole Act, the current Prisons and Parole Code seeks to provide: "adequate supervision of the offender while protecting the public, the opportunity for the offender to become a useful member of society and the diversion of appropriate offenders from prison." 61 Pa.C.S. § 6102(1). In the present case, a balancing of the goals behind the Prisons and Parole Code demonstrates that Gruff has not been fully reformed and, therefore,

releasing Gruff to an open community would not be in the best interest of the public.

Gruff argues that there is an underlying conspiracy against him, but this Court finds no merit in that claim. The charges were not filed until three months after Gruff was released on parole and, thus, did not exist at the time of the granting of parole. Moreover, once the Board received notice of the charges, on December 17, 2008, it acted expeditiously in issuing an order for the detention of Gruff. Lastly, this Court notes text written on Gruff' s release order which states:

> The Pennsylvania Board of Probation and Parole hereby grants parole/reparole to the prisoner named and on the sentences described below. It further ordered that he/she be released on the date indicated below. Subject to Board approval ... and *upon condition ... that no evidence of past crimes ... previously undiscovered, comes to light.*

(Order to Release on Parole/Reparole, R. at 10 (emphasis added).) For these reasons, we conclude that the Board properly considered such information at the hearing for rescission, and was justified in rescinding Gruff's parole.

Based upon the foregoing, we affirm the order of the Board.

### ORDER

NOW, December 23, 2009, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby **AFFIRMED.**

---

7. In referring to the Parole Act, *Rackley* refers to the Act of August 6, 1941, P.L. 861, *as amended, formerly* 61 P.S. §§ 331.1–331.34a, repealed by the Act of August 11, 2009, P.L.

——, No. 33. The Parole Act has been consolidated and is currently found at Sections 6101–6309 of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101–6153.