Johnny Lugo, Jr.,                                  :
                 Petitioner            :
                                 :
       v.                                 :   No. 904 C.D. 2021
                                 :   Submitted: March 4, 2022
Pennsylvania Parole Board,          :
                 Respondent          :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS               FILED: May 27, 2022

       Johnny Lugo, Jr. (Lugo) petitions for review of the Pennsylvania Parole Board's (Board) July 16, 2021 decision denying his request for administrative relief. Lugo contends that the Board violated his due process rights prior to revoking his parole and erred in recalculating his maximum sentence date. Upon careful consideration, we affirm.

## I. BACKGROUND

       Briefly, in the Berks County Court of Common Pleas (trial court), Lugo pleaded guilty to various drug offenses and was sentenced to an aggregate sentence of one-and-a-half to four years in prison, with a maximum sentence date of January 24, 2023. The Board granted parole and issued an order to release Lugo on parole in August 2020. Order to Release on Parole/Reparole, 4/29/20. Lugo signed an acknowledgment of the conditions governing his parole in August 2020. Conditions Governing Parole/Reparole, 8/19/20. Lugo was at liberty on parole until March 25,

2021, when parole officers detained Lugo because he admitted to using illegal drugs a few days earlier.

The Board presented Lugo with, and Lugo signed, a hearing notice, which identified Lugo's admission as the reason for the hearing. Notice of Rescission Hr'g, 4/8/21.[1] Lugo signed a document listing his rights, including a right to court-appointed counsel. Inmate Rights at Parole Bd. Hr'gs, 4/8/21. Lugo also signed a waiver of his rights to a hearing and to counsel. Waiver of Rescission Hr'g & Counsel, 4/8/21.

The Board revoked Lugo's parole and recalculated his new maximum sentence date as December 13, 2023. Notice of Bd. Decision, 5/7/21. The Board's notice notified Lugo of his right to file a request for administrative relief with the Board, *i.e.*, appeal the Board's determination. *Id.* The notice also stated that Lugo had a right to court-appointed counsel and that he must "set forth specifically the factual and legal bases for the" appeal. *Id.* Lugo *pro se* timely filed a request for administrative relief, which only stated he wanted to appeal the Board's May 7th

---

[1] In *Gruff v. Pennsylvania Board of Probation & Parole*, 986 A.2d 953, 957 (Pa. Cmwlth. 2009), this Court explained that "a rescission is based on information or facts arising prior to the inmate's release on parole, while a revocation arises only when an inmate already at liberty on parole violates a term or condition of that parole or is convicted of a crime while on parole." *Gruff*, 986 A.2d at 957 (cleaned up). Therefore, notwithstanding the record's references to "rescission," because Lugo was already at liberty on parole, his parole could only be revoked. *See id.*

The *Gruff* Court also suggested that to the extent the Board nevertheless seeks rescission of a fully-executed parole, the Board should use a process "similar to the process used for revocation of parole[.]" *Id.* at 958 (citation and footnote omitted). That process includes "written notice of the basis for the rescission; a fact-finding hearing at which the parolee can appear and present evidence; a right to cross-examine adverse witnesses, unless there is 'good cause' to deny the parolee that right; a neutral and impartial decision-maker; and written conclusions which include the evidence relied upon and the reasons for the rescission." *Id.* at 958-59 (citations omitted).

decision, and the Board denied relief. Bd.'s Decision, 7/16/21; Correspondence, 5/26/21.

Lugo *pro se* timely filed an "original jurisdiction" petition for review with this Court. This Court ordered that Lugo's "original jurisdiction" petition for review be treated as an appellate petition for review of the Board's affirmance and appointed counsel for Lugo. Order, 8/25/21 (citing Pa.R.A.P. 1501). Counsel filed an amended petition for review.[2]

## II. ISSUES AND ARGUMENTS

Lugo, although raising five issues, presents only three arguments in his appellate brief.[3] For his first two arguments, Lugo argues that the Board violated his right to due process because the Board's hearing notice failed to advise Lugo of the alleged parole violations, the specific parole conditions he violated, and a description of his rights, among other items. Lugo's Br. at 16. Lugo therefore reasons that his subsequent waiver was unknowing and involuntary. *Id.* at 16-17. Lugo relatedly argues that the Board should have independently substantiated his alleged admission that he used illegal narcotics. *Id.* at 17.

Last, Lugo insists he is entitled to credit for the time he spent at liberty on parole. *Id.* at 18. Specifically, Lugo calculates that he was in good standing between May 8, 2020, and March 25, 2021, a span of 322 days. *Id.* Lugo concludes that if this Court agrees with the Board that he is a technical parole violator, he is entitled to a credit of 322 days against his maximum sentence. *Id.*

---

[2] We review the Board's decision to determine whether constitutional rights were violated, whether there was an error of law, and whether the record supports the Board's findings. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[3] The argument section of Lugo's brief does not comply with Pa.R.A.P. 2119, because the section is not "divided into as many parts as" the five issues he originally raised in his statement of questions involved. *See* Pa.R.A.P. 2119.

3

The Board counters that Lugo waived all of his issues because he did not identify any issues in his request for administrative relief. Bd.'s Br. at 7-8.[4] The Board did not address the merits of Lugo's arguments. *See generally id.*

### III. DISCUSSION

By way of guidance, the "law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *see* 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551 ("Only questions raised before the government unit shall be heard or considered"); *accord Goods v. Pa. Bd. of Prob. & Parole*, 912 A.2d 226, 235 (Pa. 2006) (holding "there is no logical reason why the Board cannot require a parolee to raise his claims at the initial hearing").

For example, in *Hartman v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 863 C.D. 2014, filed Jan. 23, 2015), 2015 WL 5122085 (unreported), the *pro se* petitioner signed forms waiving his rights to a violation hearing and counsel. *Hartman*, slip op. at 2, 2015 WL 5122085, at *1.[5] The Board recommitted the petitioner as a parole violator, the petitioner *pro se* filed a request for administrative relief, and the Board affirmed. *Id.* The petitioner appealed to this Court, arguing that his waivers were unknowing and involuntary. *Id.* The Court affirmed because the petitioner failed to raise the issue in his *pro se* request for administrative relief. *Id.*, slip op. at 2-3, 2015 WL 5122085, at *1.

---

[4] Regardless, the Board reasons that because Lugo waived his right to a revocation hearing, we must affirm. Bd.'s Br. at 9-10. We need not address this particular argument in light of our disposition.

[5] We may cite to an unreported decision of this Court issued after January 15, 2008, for its persuasive authority. 210 Pa. Code § 69.414(a).

Conversely, in *Mesko v. Pennsylvania Board of Probation & Parole*, 245 A.3d 1174 (Pa. Cmwlth. 2021), the parolee alleged the Board violated his constitutional rights by denying him the assistance of counsel, and the Board countered that the parolee waived the issue by failing "to preserve it in his administrative appeal." *Id.* at 1179. The *Mesko* Court acknowledged that although "indigent parolees are entitled to the assistance of counsel both at parole revocation hearings and in the prosecution of subsequent appeals as of right[, . . .] the parolee must **request**" counsel. *Id.* at 1180 (emphasis in original and cleaned up). Therefore, the *Mesko* Court concluded, a parolee's "failure to request counsel for an administrative proceeding may be fatal to preserving the issue for our review." *Id.* at 1181 (citation omitted). Nevertheless, the *Mesko* Court rejected the Board's assertion of waiver because the Board did not dispute, and the record established, that the parolee had actually requested counsel. *Id.*

Instantly, identical to the *Hartman* petitioner, Lugo signed forms waiving his right to a hearing and to counsel. *See Hartman*, slip op. at 2, 2015 WL 5122085, at \*1. Similar to *Hartman*, Lugo did not challenge his waivers and credit for time spent at liberty on parole before the Board. *See id.* Unlike *Mesko*, the instant record does not contradict the Board's assertion of waiver. *See Mesko*, 245 A.3d at 1181. As in *Chesson* and *Hartman*, because Lugo failed to raise his claims at the initial hearing and administrative appeal, he cannot raise them for the first time on appeal to this Court. *See* Pa.R.A.P. 1551; *Chesson*, 47 A.3d at 878; *Hartman*, slip op. at 2-3, 2015 WL 5122085 at \*1; *cf. Mesko*, 245 A.3d at 1181.[6]

---

[6] Even if this Court could address the merits, we would conclude Lugo is due no relief. Lugo's admission supports parole revocation, and the Board's notice stated the basis for revoking Lugo's parole. *See DeMarco v. Pa. Bd. of Prob. & Parole*, 758 A.2d 746, 749 (Pa. Cmwlth. 2000); *cf. Gruff*, 986 A.2d at 958-59. The Board also complied by using a process "similar to the process

For these reasons, we affirm.



LORI A. DUMAS, Judge

used for revocation of parole" for rescinding Lugo's fully-executed parole. *See Gruff*, 986 A.2d at 958-59. Because Lugo was recommitted as a technical parole violator, it would appear he would be entitled to credit for time served at liberty in good standing. *See* 61 Pa.C.S. § 6138(c)(2). Lugo, however, did not raise the issue before the Board; thus, we may not address it. *See Jones v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 36 C.D. 2020, filed Aug. 31, 2021), 2021 WL 3871291, at *3 (unreported) (noting that because parolee failed to challenge Board's decision to deny him credit for time spent at liberty on parole, this Court could not address issue).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Johnny Lugo, Jr.,                        :
                    Petitioner          :
                                         :
        v.                               :     No. 904 C.D. 2021
                                         :
Pennsylvania Parole Board,               :
                    Respondent           :

## **O R D E R**

AND NOW, this 27th day of May, 2022, we affirm the Pennsylvania Parole Board's decision.

LORI A. DUMAS, Judge