IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradley S. Bingaman,                        :
                      Petitioner          :
                                       :
          v.                               :    No. 287 C.D. 2024
                                       :
Pennsylvania Parole Board,                  :    Submitted: July 7, 2025
                    Respondent         :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE McCULLOUGH                    FILED: December 1, 2025

        Bradley S. Bingaman (Petitioner) petitions *pro se* for review of the February 13, 2024 order of the Pennsylvania Parole Board (Board), rescinding his parole based on good cause after learning that he wrote two books while he was incarcerated containing sexually explicit material involving minors, including passages concerning the victim of his rape of a child offense. On appeal, Petitioner contends the Board lacked good cause to rescind his parole, while the Board maintains that this appeal should be quashed because Petitioner did not first seek administrative relief from the Board. Upon review, we affirm the order of the Board and deny the Board's application for relief seeking quashal of this appeal.

## Background

The relevant facts and procedural history of this case are as follows. In June of 2008, Petitioner entered a guilty plea in the Bedford County Court of Common Pleas (trial court) to one count each of rape of a child, criminal attempt to commit rape of a child, and possession of child pornography. The trial court sentenced Petitioner to an aggregate term of 14 to 28 years' incarceration, with minimum and maximum dates of February 20, 2022, and February 20, 2036, respectively.

Petitioner was granted parole on October 31, 2022, but was detained by the Pennsylvania Department of Corrections in January of 2024 for rescission proceedings after it learned that he wrote and published two books containing sexually explicit material involving minors.[1] (Certified Record (C.R.) at 16-17.) Parole supervision staff became aware of the books upon receipt of a report from the prison mailroom where Petitioner was previously incarcerated that it had received copies of the books addressed to a current inmate. (C.R. at 25.) Petitioner wrote the books while he was incarcerated, dedicated one of the books to his victim by name, and published the books through Amazon's direct publishing service in December of 2023. (C.R. at

---

[1] We note that parole rescission differs from parole revocation because rescission "is based upon information or facts arising **prior to the inmate's release on parole**, while a revocation arises only when an inmate already at liberty on parole violates a term or condition of that parole or is convicted of a crime while on parole." *Lord v. Pennsylvania Board of Probation and Parole*, 580 A.2d 463, 464 n. 1 (Pa. Cmwlth. 1990) (emphasis added). Once an inmate's parole has been executed, meaning that the Board has issued a release order and the inmate has signed an acknowledgment of parole conditions, as was the case here, the Board must provide notice and a hearing prior to rescinding parole. *Id.* at 464-65. This is because once a parolee has been released from incarceration, the liberty interest involved dictates that the Board follow the same due process procedures, regardless of whether the offender faces reincarceration through revocation or recission proceedings. *See Gruff v. Pennsylvania Board of Probation and Parole*, 986 A.2d 953, 958 (Pa. Cmwlth. 2009).

2

21-22.)[2]  A search of Petitioner's computer showed that he ordered two copies of each book from Amazon, and he admitted to sending one set of the books to his friend at the prison.  (C.R. at 21.)  He additionally admitted to scanning each page of the books comprising approximately 500 pages using his cell phone and transferred them to his computer to send to Amazon for publishing.  (C.R. at 21.)  The Board issued Petitioner notice of a rescission hearing and identified the following facts as good cause for the proceeding:

> You admitted to Agent Boughter during a home visit on 1/18/2024 that you authored two books during your period of incarceration, approximately four to five years ago.  You dedicated one of the books titled "Gnaw Marks" to the victim of your instant offense by name.  Upon your admission you depicted the details of your instant offense within your writings and even wrote from what you believed to be your victim's perspective.  The particulars of your books clearly illustrate your incessant sexual fixation towards minors and your victim, clearly demonstrating that you did not benefit from the therapeutic support provided by the Department of Corrections.  You failed to disclose your possession of these books and their content to Department of Correction's staff.  In doing so you left the Parole Board's decision to grant your release to parole supervision taintedly uninformed, thus giving good cause to rescind your parole supervision.

(C.R. at 17) (some capitalization omitted).

A Board hearing examiner held a hearing on February 9, 2024, at which Petitioner was represented by counsel.  The parties stipulated to the content of the books, that Petitioner wrote them while incarcerated, and that the Board was not aware of the books when it granted him parole.  (Supplemental Certified Record (S.C.R.) at

---

[2] The book's dedication page read: "For [victim,] Even if you never read this, you will always be my own Misty, Ariel and Lacy wrapped into one."  (C.R. at 21.)

3

6A, 13A.) Petitioner testified that he wrote the books between 2007 and 2018, before he entered a sex offender treatment program in 2019. (S.C.R. at 9-10A.) He indicated that he successfully completed the treatment program at the prison, that he later participated in a shorter program before he was paroled, and then attended weekly counseling sessions after he was released from incarceration. Petitioner explained that the books were "a first step in the therapeutic process [because he took] the viewpoint of different characters throughout, and [got] a different perspective on the offenses. Essentially, they're based on essentially the story of [his] life, the offenses [he] committed." (S.C.R. at 11A.) Petitioner acknowledged that certain passages were sexually explicit in nature, but explained that the excerpts submitted into evidence must be viewed in the context of the entire writing to understand that his goal was "to learn more about [himself] and how [he] impacted others." (S.C.R. at 12A.) Petitioner also noted his belief that his books constituted protected free speech under the First Amendment to the United States Constitution and Article 1, Section 7 of the Pennsylvania Constitution.[3] (S.C.R. at 14A.)

By Notice of Decision issued February 13, 2024, the Board rescinded Petitioner's parole on the basis of good cause. (C.R. at 40.)[4] In the accompanying rescission hearing report, the Board noted as reasons for its decision the facts that: Petitioner stipulated he wrote the books depicting sexual abuse of minors; he dedicated one of books to his victim and identified her by name; and the Board was unaware of this information at the time it granted him parole. (C.R. at 37-38.)

---

[3] These provisions state in pertinent part: "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. amend. I; "The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty." PA. CONST. art. I, § VII.

[4] The Board's decision did not advise Petitioner of the appeals process and Petitioner did not file an administrative appeal.

Petitioner filed his petition for review in this Court on March 6, 2024. The Board filed an application for relief requesting that we quash this appeal because Petitioner did not first seek administrative relief from the Board's rescission decision. This Court issued a *per curiam* order on July 15, 2024, advising the parties that the merits panel would consider the issue of appealability of the Board's decision.[5]

## Issues

On appeal, Petitioner contests the Board's finding of good cause to rescind his parole and argues that his reincarceration amounts to censorship of his speech and blatantly disregards his free speech rights under the federal and state constitutions. (Petitioner's Br., at 7-17.) Petitioner additionally maintains the Board's rescission decision was not supported by substantial evidence, given that his conduct was not criminal, did not involve contact with children, and he was under no obligation to disclose his writings to the Board. *Id*. at 18-21.

In response, the Board argues this Court lacks jurisdiction over this appeal because it has not issued a final appealable decision, or alternatively, requests that we remand for Petitioner to file an administrative appeal. (Board's Br., at 5-8.) With respect to the merits, the Board contends its good cause determination is fully supported by the record, as Petitioner's detailing of his crime against the child victim demonstrates that he is not fully reformed and releasing him into the community would not be in the best interest of the public. *Id.* at 9-14. As to Petitioner's constitutional claims, the Board maintains that Petitioner is conflating criminal law protections with parole proceedings, where the appropriate focus is on the conduct of the offender while incarcerated and the protection and safety of the public. *Id.* at 10-11.

---

[5] This Court's review of Board decisions is "limited to whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence." *Gruff v. Pennsylvania Board of Probation and Parole*, 986 A.2d 953 (Pa. Cmwlth. 2009).

## Discussion

## A. Jurisdiction[6]

We begin by addressing the threshold question of the appealability of the Board's decision, as it controls the issue of our jurisdiction to hear this appeal. *See Smith v. Ivy Lee Real Estate, LLC*, 326 A.3d 1064, 1069 (Pa. Cmwlth. 2024). It is axiomatic that, as a general rule, this Court has appellate jurisdiction only over final orders. *Department of Transportation v. Rollins Outdoor Advertising Company*, 464 A.2d 653, 655 (Pa. Cmwlth. 1983). Thus, our appellate jurisdiction over Board decisions does not attach until it has entered a final appealable order, **usually** in the form of a denial of administrative relief, and an appeal has been taken from that order. *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 949 (Pa. Cmwlth. 1998) (emphasis modified).

Here, as previously noted, Petitioner did not file an administrative appeal from the Board's rescission decision. However, unlike the appellate process in parole **revocation** proceedings, which is clearly outlined in applicable statutory provisions and regulations, there is no corollary process for appealing Board rescission decisions.[7]

---

[6] Because the issue of whether a court has jurisdiction to review an appeal raises a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pennsylvania Manufacturers' Association Insurance Company v. Johnson Matthey, Inc.*, 188 A.3d 396, 398 (Pa. 2018).

[7] Section 6113(d) of the Prisons and Parole Code, 61 Pa. C.S. § 6113(d), states in pertinent part:

> (d) Appeal.—
>
> (1) An interested party **may appeal a revocation decision** within 30 days of the board's order. The decision shall be reviewed by three board members appointed by the chairperson or the chairperson's designee.

**(Footnote continued on next page…)**

6

This Court has previously noted this lack of guidance with respect to the finality of rescission decisions in *Gruff*, 986 A.2d at 953.  In that case, the petitioner sought review of the Board's decision to rescind his parole on the basis of good cause after he had been released from confinement.  The Board's decision failed to explain its basis for rendering its determination and included no information advising the petitioner of his right to appeal or of the correct method of challenging the Board's decision.  *Id.* at 956.  When the petitioner sent the Board requests for administrative relief, it responded with letters stating that Board regulations concerning administrative relief do not apply to rescission decisions and that it would take no further action on the matter.

On appeal to this Court, the Board argued in favor of quashal because the petitioner did not file his petition for review within 30 days of the Board's rescission decision.  This Court rejected the Board's argument, concluding that: "Given [the] defects in the Board's [] [d]ecision, and **the lack of clear guidance from this Court or in the Board's regulations regarding the rescission of executed parole**, we will construe the Board's letter[s to petitioner] advising him that there are no regulations for administrative review of the [rescission] [d]ecision and that no further action would

---

61 Pa.C.S. § 6113(d)(1) (emphasis added).  Likewise, Section 73.1(a) of the Board's regulations provides, in relevant part:

> (a) Appeals.

> (1) An interested party, by counsel unless unrepresented, **may appeal a revocation decision**. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, t**he revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal**. This subsection supersedes 1 Pa. Code § 35.226 (relating to final orders).

37 Pa. Code § 73.1(a) (emphasis added).

7

be taken by the Board on his rescission, as a final determination of the Board from which [he] could appeal." *Id.* at 959 (emphasis added). In reaching this conclusion, the Court noted that, in contrast to parole rescission decisions, the Board has set forth a clear appellate procedure for **parole revocation** determinations, following which a petitioner may appeal for administrative relief to the administrative board. *Gruff*, 986 A.2d at 959 n.6. The Court further found that remand was unnecessary because there was no real dispute over the facts or reasoning employed by the Board in reaching its determination and the parties had briefed the merits of the petition for review. *See id.*

Here, there is no dispute that Petitioner filed his petition for review in this Court within 30 days of the Board's rescission decision. That decision, as was the case in *Gruff*, did not advise Petitioner of his right to file an appeal or of the appropriate method of doing so. The Board did, however, issue a rescission hearing report explaining its basis for finding good cause to rescind Petitioner's parole, *i.e.*, because Petitioner admitted to writing sexually explicit books involving minors while incarcerated without the Board's knowledge and dedicated one of books to the minor victim by name. (C.R. at 37-38.)

Given these circumstances, in light of the holding in *Gruff* and the general lack of guidance from the Board concerning rescission, we will treat the Board's decision as a final order from which Petitioner could properly appeal.[8] Furthermore, as in *Gruff*, we conclude that remand is unnecessary because we can address the arguments Petitioner raises from the record before us, as the Board indicated its reasons

---

[8] We recognize that here, unlike in *Gruff*, Petitioner did not send the Board a request for administrative relief and instead filed the instant petition for review. However, given the lack of statutory process in the Parole Code for recission decisions, we conclude it was unnecessary for Petitioner to first pursue administrative relief. We additionally note that it is incumbent upon the Board to inform a parolee of his right to file an administrative appeal when a parole decision is rescinded. In the absence of such notice, the rescission will be deemed a final and appealable order.

for its decision and the parties have briefed the merits of the issues on appeal. Accordingly, because we conclude we have jurisdiction over this appeal, we will proceed with a merits review.

## B. Good Cause for Parole Rescission

Petitioner's appellate arguments, at their core, challenge the Board's finding of good cause to rescind his parole. Petitioner contends that reincarceration for writing books containing sexual matters amounts to a violation of his constitutional right to free speech. Petitioner also maintains the Board's decision was not supported by substantial evidence as his conduct was not criminal and excerpts from his books were taken out of context to show that he did not adjust well to parole, despite his successful completion of sexual offender treatment programs.

In addressing this issue, we are mindful that the function of Pennsylvania's parole system is "to provide: adequate supervision of the offender while protecting the public, the opportunity for the offender to become a useful member of society and the diversion of appropriate offenders while in prison." *Gruff*, 986 A.2d at 953; *see also* 61 Pa.C.S. § 6102(1). We have explained that "the Board's decision to grant or deny parole is not a decision in the ordinary sense, because, when released, a parolee is continuing to serve his or her sentence." *Weaver v. Pennsylvania Board of Probation & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997). When parole is "granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his **ability to function as a law abiding citizen in society**." *Id.* (emphasis added). In considering if parole is appropriate for an offender, the Board is tasked with investigating all information set forth under section 6135(a) of the Prisons and Parole Code, 61 Pa. C.S. § 6135(a), which provides in relevant part:

9

**(a) Duty to investigate**.—The [B]oard, on the commitment to a correctional facility of any person whom the [B]oard is given the power to parole under this chapter, shall consider:

(1) **The nature and circumstances of the offense committed**.
. . . .

(3) The **general character and background** of the inmate.
. . . .

(7) **The conduct of the person while in prison and his physical, mental and behavioral condition and history**, his history of family violence and his complete criminal record.

61 Pa. C.S. § 6135(a)(1), (3), (7) (emphasis added). Additionally, with regard to parole rescission, this Court has held that a petitioner's conduct prior to his release on parole can serve as the basis for rescission. *Rackley v. Pennsylvania Board of Probation and Parole*, 881 A.2d 69, 71 (Pa. Cmwlth. 2005) (rejecting petitioner's argument that his conduct while he was incarcerated prior to his release on parole could not form basis for rescinding his parole).

In considering the propriety of the Board's rescission decision in the instant case, this Court's decision in *Gruff* is again instructive. In *Gruff*, the Board rescinded the petitioner's parole after he had been released from confinement based on its finding of good cause after it learned that he filed fraudulent liens while he was incarcerated. *Gruff*, 986 A.2d at 956. In affirming the Board's decision, this Court pointed to evidence showing that the Board was unaware of the petitioner's fraudulent conduct at the time it granted him parole, and that it would have denied parole if it had been aware of this conduct. *See id.* at 960. This Court also emphasized the Board's action furthered the goals of the Prisons and Parole Code,[9] which seeks to provide:

---

[9] 61 Pa. C.S. §§ 101-7301.

"adequate supervision of the offender while **protecting the public**, the opportunity for the offender to become **a useful member of society** and the diversion of appropriate offenders from prison. 61 Pa.C.S. § 6102(1)." *Id.* (emphasis added). With these considerations in mind, the Court held: "In the present case, a **balancing of the goals** behind the Prisons and Parole Code demonstrates that [the petitioner] **has not been fully reformed** and, therefore, releasing [him] to an open community **would not be in the best interest of the public**." *Id.* (emphasis added).

Here, Petitioner's assertion that the Board could not consider his sexually explicit writings detailing sexual abuse against minors or the fact that he dedicated one of the books to his victim, even **identifying her by name** as part of its decision making process, runs directly contrary to the Board's statutorily prescribed duty to investigate an inmate' s general character and mental state, his conduct while incarcerated and the nature of his offense in making parole related decisions. *See* 61 Pa. C.S. § 6135(a)(1), (3), (7). Petitioner's writing of two books comprising 500 pages while incarcerated containing graphic descriptions of the very type of sexual offense he committed plainly demonstrates his continued fixation with minor children and with the particular child victim in this case.

While Petitioner points to his successful completion of sex offender treatment programs after he wrote the books as evidencing his rehabilitation, this argument ignores the fact that he published the books through Amazon's self-publishing service **after** he was released on parole. Not only did Petitioner publish the books to make them available for purchase by the general public, he also ordered two sets of the books himself and sent a set to a former fellow inmate to read. Given Petitioner's blatant lack of concern for his victim and continued fixation with minor children, we conclude, as was the case in *Gruff*, that "a balancing of the goals behind

11

the Prisons and Parole Code demonstrates that [Petitioner] has not been fully reformed and, therefore, releasing [him] to an open community would not be in the best interest of the public." *Gruff*, 986 A.2d at 956.

Finally, with respect to Petitioner's claim that rescission of his parole constitutes a free speech violation, there is no evidence in the record demonstrating that the Board placed restrictions on his right to free speech. Instead, the record reflects that the Board simply fulfilled its obligation to consider all relevant factors in determining whether parole continued to be an appropriate option in this case after it learned of the content and publication of Petitioner's books.

Additionally, it is well-settled that there is no constitutional right to parole under federal or Pennsylvania law, and that the Board maintains the exclusive authority to grant or deny parole to an inmate. *McCullough v. Pennsylvania Board of Probation and Parole*, 256 A.3d 466, 472 (Pa. Cmwlth. 2021); *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 321 (Pa. 1999). Further, "[j]ust because one has a constitutional right [such as the right to free speech,] does not mean that no adverse consequences can flow from exercising such a right." *Weaver*, 688 A.2d at 778. For example, this Court has held that the privilege against self-incrimination does not extend to consequences of a noncriminal nature, such as potential liability in a civil suit or loss of employment and "[t]hat principle is true, even if it would result in the loss of that person's probation." *Id.* Accordingly, in light of the foregoing, we conclude that the Board properly considered Petitioner's writings depicting graphic sexual offenses against minors and his child victim in assessing whether rescission of his parole was warranted.

## **Conclusion**

In sum, we conclude that we have jurisdiction over this appeal and that the Board's rescission decision is fully supported by the record. We therefore affirm the order of the Board and deny its application for relief requesting quashal of this appeal.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradley S. Bingaman,　　　　　　　　　　:
　　　　　　　Petitioner　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　:　No. 287 C.D. 2024
　　　　　　　　　　　　　　　　　　　　:
Pennsylvania Parole Board,　　　　　　　:
　　　　　　　Respondent　　　　　　　　:

## *__ORDER__*

AND NOW, this 1st day of December, 2025, the February 13, 2024 order of the Pennsylvania Parole Board (Board) is hereby AFFIRMED. The Board's application for relief requesting quashal of this appeal is hereby DENIED.

_____
PATRICIA A. McCULLOUGH, Judge