569 A.2d 374

**Peter J. McFARLAND, III, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 1, 1989.

Decided Dec. 8, 1989.

Bruce E. Mattock, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Peter J. McFarland, III appeals from a decision of the Pennsylvania Board of Probation and Parole denying administrative relief from a board recommitment order.

On December 12, 1985, Judge Diaz of the Court of Common Pleas of Philadelphia sentenced McFarland to serve a term of one to five years in jail. The Department of Corrections computed the maximum date to be January 16, 1990. On April 3, 1986, the board released McFarland on parole.

On January 11, 1987, McFarland was arrested in Atlantic City, New Jersey. On January 15, 1987, the board issued a warrant. Despite the board's warrant, New Jersey authorities released McFarland from custody on July 3, 1987. On August 3, 1987, the New Jersey authorities took McFarland into custody again, and the board issued a second warrant.

On August 21, 1987, McFarland returned to Pennsylvania. On September 8, 1987, the board notified McFarland that a preliminary hearing had been scheduled to consider three technical parole violations.

On January 12, 1988, after a number of continuances, McFarland received a violation hearing. The hearing examiner found that McFarland had committed two technical parole violations by failing to maintain regular contact with the parole supervision staff, and by leaving the district without prior written permission from the parole supervision staff. The hearing examiner's report, containing a recommendation that McFarland be recommitted to a state correctional institution as a technical parole violator to serve six months of backtime when available, was typed on January 25, 1988, but was not sent to the board at that time.

On January 26, 1988, Judge O'Keefe of the Court of Common Pleas of Philadelphia vacated McFarland's original one-to-five year sentence and imposed a sentence of twelve-to-thirty-seven months, reducing McFarland's maximum date to February 16, 1988.

On February 4, 1988, Judge Stiles sentenced McFarland to a term of three-to-ten years in a state correctional institution for offenses which occurred before his being granted parole. McFarland is presently serving this sentence.

On April 11, 1988, based on McFarland's resentencing, a staff technician made an entry in the board's computers purporting to close McFarland's recommitment proceeding, in which the board had *not* acted upon the hearing examiner's report. Clerical personnel sent a letter on board letterhead to McFarland on April 15, 1988, which stated that the board had decided to close his case. On July 15, 1988 and in two later letters, a panel of two board members directed that the entry of April 11, 1988, calling it, variously, an "action" and a "decision", be rescinded and that McFarland be recommitted as a technical parole violator to serve six months of backtime when available. McFarland filed a request for administrative relief with the board. On April 13, 1989, the board denied that request and this appeal followed.

In this appeal, two issues are before this court. The first issue is whether the board may deny credit on his sentence to McFarland while he is delinquent on parole. The second issue is whether a panel of two board members could rescind the unauthorized decision to close McFarland's case.

■ Our scope of review of a board recommitment order is limited to determining whether the order is in accordance with the law, whether necessary findings of fact are supported by substantial evidence, and whether petitioner's constitutional rights were violated. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa.Commonwealth Ct. 49, 484 A.2d 413 (1984).

### 1. Credit on Sentence

■ Section 21.1(b) of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(b) relates to the recommitment and sentence credit of parole violators. 61 P.S. § 331.21a(b) provides:

(b) **Technical Violators.** Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. If he is so recommitted, *he shall be given credit for the time served on parole in good standing but with no credit for delinquent time,* and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken

into custody on the warrant of the board. (Emphasis added.)

Although McFarland did not receive notice of the board's recommitment order until after his new maximum had expired, McFarland was under the board's jurisdiction at the time the violations occurred. McFarland's delinquent conduct occurred on January 11, 1987. The sentence which McFarland had been serving ultimately became subject to a new maximum expiration date of February 16, 1988. Therefore, McFarland's maximum date had not been reached at the time the parole violations occurred.

Under section 21.1(b), quoted above, McFarland, as a technical parole violator, is not entitled to credit for delinquent time. Because McFarland is presently serving a new Pennsylvania sentence, he is unavailable to the board, and remains delinquent on parole. In *Obringer v. Pennsylvania Board of Probation and Parole*, 119 Pa.Commonwealth Ct. 308, 547 A.2d 449 (1988), this court stated that the board has the authority to hold a petitioner's parole in abeyance until he has served his new criminal sentence.

## 2. Vacating Of Entry

▮ Contrary to the board's contentions, McFarland's petition for administrative review does raise the issue of whether the board had the authority to vacate the clerical entry and issue an order contrary to it.

In *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973), the issue was whether the Unemployment Compensation Board of Review, on its own motion, without a petition for hearing or reconsideration, and without granting the parties a further opportunity to be heard, could vacate its first order and issue a second order which in essence reversed the initial order. The court stated:

We firmly believe that an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical

errors obviated and supported by the record.... It may not, however, absent a petition for reconsideration or the granting of the opportunity to be heard by way of oral argument or brief, reverse *itself* on the substantive issues previously decided. On reconsideration, the party seeking the same bears the burden of proving his position or that circumstances have changed. *Id.* at 94–95, 309 A.2d at 167 (Emphasis added).

. . . .

In this case, the board is not reversing itself on an issue it previously decided. The board made no decision concerning the disposition of McFarland's case at the time the staff technician recorded an entry purporting to close McFarland's case. A staff technician does not have the authority to close a parolee's case. Only the board, or a panel of the board, has the authority to make parole decisions. 61 P.S. § 331.4 provides:

**§ 331.4. Quorum: number authorized to act; appeal.**

(a) A majority of the board shall constitute a quorum for transacting business and, except as hereinafter otherwise provided, a majority vote of those present at any meeting shall be sufficient for any official action taken by the board. *Except as provided in subsections (b), (c) and (d), no person shall be paroled, discharged from parole, or the parole of any person revoked, except by a majority of the entire membership of the board.*

(b) *The board may make decisions on parole, reparole, return or revocation in panels of two persons.* A panel shall consist of one board member and one hearing examiner or of two board members. Panels shall be appointed by the chairman or the chairman's designee. (Emphasis added.)

The record in this case supports the board's contention that a staff technician, not the board, erroneously made the entry purporting to close McFarland's case.

In *Allen v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 29, 513 A.2d 1150 (1986), *appeal granted,* 515 Pa. 585, 527 A.2d 545 (1987), the parole

board arrested the petitioner for violating conditions 3(c) and 6 of his parole. "[A]fter a hearing, ... the Board issued an order stating ..." that petitioner was to be recommitted as a technical parole violator for violation of condition 3(a).

Thereafter, the board modified the recommitment order and recommitted petitioner for violation of condition 3(c). This court held that, although recommitting petitioner for a violation of condition 3(a), rather than 3(c) may have been an error, the board's modification of the order, without further proceedings, did not cure the fact that the board found him to be in violation of a condition of which he was never put on notice.

However, in this case, the board did not make the entry closing McFarland's case. Because the board, not an employee of the board, is vested with the authority to make parole decisions, the board properly could rescind the mere entry made by the staff technician.

Accordingly, the board's decision denying McFarland's request for administrative relief is affirmed.

## ORDER

NOW, December 8, 1989, the decision of the Pennsylvania Board of Probation and Parole denying administrative relief is affirmed.