580 A.2d 463

**Lester J. LORD, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided Sept. 19, 1990.

David Crowley, Chief Public Defender, Centre County, for petitioner.

Robert A. Greevy, Chief Counsel, with him, Timothy P. Wile, Asst. Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Before us for consideration is a petition for review of an order of the Pennsylvania Board of Probation and Parole (Board) filed by Lester J. Lord. The Board denied Lord's request for administrative relief from a Board order which rescinded a previously granted reparole and extended his reparole date by twenty-four months.

Lord was paroled by the Board on September 18, 1986 from his original sentence of nine to twenty-one years imposed by the Court of Common Pleas of Lycoming County as a result of his conviction for rape, indecent assault, involuntary deviate sexual intercourse, and escape. He was subsequently arrested and charged with indecent assault on July 29, 1987 by Springettsbury Township Police (York County), and was found guilty by a jury on November 18, 1987. He received a sentence of one to two years. A revocation hearing was thereafter held at the State Correctional Institution at Camp Hill on February 19, 1988. As a result, the Board recorded an order on March 18, 1988 which recommitted Lord as a convicted parole violator for a total of twenty-four months backtime. The March 18 order also granted Lord reparole to his original nine to twenty-one year sentence as of *March 16, 1988.* Given its literal effect, this order would virtually wipe out the twenty-four months backtime imposed and would allow Lord to immediately commence serving the minimum term of the one-to-two year sentence imposed for the 1987 York County conviction.

Thereafter, by order recorded July 18, 1988 the Board attempted to modify its March 18, 1988 grant of reparole by changing the reparole date to *March 16, 1990.* Lord filed a request for administrative relief and contended that the change in reparole dates violated his due process rights. By order recorded September 2, 1988 the Board rescinded its action of July 18 and scheduled a rescission hearing which, after a delay to enable Lord to obtain counsel, was held on March 22, 1989 at the State Correctional Institution at Rockview (SCI–Rockview).

At that hearing, Board clerical personnel testified that the March 16, 1988 reparole date was the result of clerical error, and that when the twenty-four months backtime assessed by the Board for the 1987 York County conviction was taken into account, Lord's correct reparole date was March 16, 1990. By order recorded on March 22, 1989, the Board modified its order of March 18, 1988 to reestablish Lord's reparole date as March 16, 1990, made no other changes, and rejected Lord's contention that the rescission of the March 18, 1988 order was untimely under Board regulations.

The issue before this Court is whether the Board may correct a clerical error in its records where that correction results in the rescission[1] of an executed grant of parole, apparently a question of first impression in the Commonwealth.

We have previously recognized the Board's power to rescind a grant of parole *prior* to an inmate's actual release from confinement. *See, e.g., Johnson v. Pennsylvania Board of Probation and Parole,* 110 Pa.Commonwealth Ct. 142, 532 A.2d 50 (1987). Based upon *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 333, 514 A.2d 967 (1986), the *Johnson* Court held that an order rescinding an unexecuted parole, like the denial of a parole application, is not subject to judicial

---

**1.** As both parties correctly point out in their briefs, rescission differs from parole revocation in at least two important respects. First, rescission is based on information or facts arising prior to the inmate's release on parole, while a revocation arises only when an inmate already at liberty on parole violates a term or condition of that parole or is convicted of a crime while on parole. *See Jones v. Pennsylvania Board of Probation and Parole,* 81 Pa.Commonwealth Ct. 194, 473 A.2d 247 (1984). Second, our Supreme Court held in *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981), that there is a constitutionally guaranteed right for a prisoner to seek review of a parole revocation. However, as this Court noted in *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 333, 514 A.2d 967 (1986), there is a "crucial distinction" between a revocation hearing where the parolee's liberty is at stake, and the denial of parole where the inmate is already confined, and the latter is not an adjudication subject to judicial review.

review.[2] It further held that because Johnson's parole was never "executed," *i.e.*, he never signed an acknowledgement of parole conditions and the Board did not issue a release order, *Green v. Pennsylvania Board of Probation and Parole*, 101 Pa.Commonwealth Ct. 132, 515 A.2d 1006 (1986), no liberty interest was vested by the mere grant of parole and the Board was not required to afford Johnson the due process guarantees of notice and a hearing mandated by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ In the instant case, however, where the parole was executed as defined in *Green,* the Board was required to provide Lord with the notice and hearing due him under *Morrissey.* Based upon our review of the record, the March 22, 1989 hearing at SCI–Rockview, where Lord was represented by counsel and had the opportunity to cross-examine Board members and staff, provided sufficient due process. However, we must now answer the question of whether, due process notwithstanding, the Board possesses the authority to rescind an executed grant of parole which is the apparent result of a clerical error.

Whether the Board may correct clerical errors in its orders is an issue which has arisen previously in several different contexts. In *Winters v. Pennsylvania Board of Probation and Parole,* 102 Pa.Commonwealth Ct. 403, 518 A.2d 618 (1986), *petition for allowance of appeal denied,* 517 Pa. 612, 536 A.2d 1335 (1987), we held that the Board could properly correct a previous order by shifting backtime from one sentence to another as long as the status quo, *i.e.,* the total amount of backtime to be served, remained the same. More recently, in *McFarland v. Pennsylvania Board of Probation and Parole,* 130 Pa.Commonwealth Ct. 639, 569 A.2d 374 (1989), we held that the Board could properly rescind an entry made by a staff technician erroneously closing McFarland's case because it is the Board, and not its staff, which has the authority to make parole decisions. As support for its holding, the *McFarland* Court

**2.** See *supra* note 1.

relied on the following from our earlier decision in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973):

> We firmly believe that an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. It may likewise correct factual errors which are not in dispute, and indeed even factual misconceptions.... It may not, however, absent a petition for reconsideration or the granting of the opportunity to be heard by way of oral argument or brief, reverse itself on the substantive issues previously decided. On reconsideration, the party seeking the same bears the burden of proving his position or that circumstances have changed.

*Id.*, 10 Pa.Commonwealth Ct. at 94–95, 309 A.2d at 167. Finally, in *Murgerson v. Pennsylvania Board of Probation and Parole*, 135 Pa.Commonwealth Ct. 10, 579 A.2d 1335 (1990), we allowed the Board to correct a clerical error to properly reflect the total amount of backtime to be served where the error involved merely the Board's failure to add convicted violator and technical violator backtime together, and both were correctly reflected in the original order.

In the case at bar, Lord's March 16, 1988 parole was rescinded by the Board based upon a clerical error which incorrectly accelerated his reparole date by twenty-four months. It is clear from the record that (1) Lord was recommitted as a convicted parole violator to serve twenty-four months backtime; (2) as of his recommitment on March 18, 1988 he had served only two days of this backtime, that being the period from the July 27, 1987 Board warrant through July 29, 1987 when the York County charges were lodged,[3] and; (3) because Lord thus has one year, eleven

---

3. In an incident separate from the July 29, 1987 Springettsbury Township arrest, Lord was also arrested and charged with indecent assault on July 27, 1987 by York Township Police. The Board lodged its warrant that same day. This charge was nolle prossed on December 7, 1987. As such, Lord is entitled to two days credit on his

months, and twenty-eight days of backtime remaining as of March 18, 1988 it is impossible for his reparole eligibility date to be two days *prior* to the recommitment order. A member of the Board's clerical staff so testified at Lord's rescission hearing which, as we have already held, afforded Lord all of the process which he was due. Accordingly, based on the three cases discussed *supra*, particularly that portion of *Kentucky Fried Chicken* relied upon by this Court in *McFarland*, we hold that the Board may properly rescind a previously executed parole which results from a clerical error provided that due process is afforded the inmate.

 As a final matter, Lord also contends that the Board's rescission of his parole was untimely because the Board regulation found at 37 Pa.Code § 73.1(a) provides that Board orders must be appealed within thirty days of their mailing date. In other words, Lord contends that the Board's action in this matter constituted an appeal by the Board of its own order. However, the language of this section clearly indicates it applies only to administrative appeals of Board revocation decisions. Because the Board's action in this case amounted only to the correction of a clerical error, the thirty day appeal period in Section 73.1 does not apply.

Accordingly, based upon the above discussion, the order of the Board is affirmed.

## ORDER

NOW, September 19, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter which denied Lester Lord's request for administrative relief is affirmed.

twenty-four months backtime because he was incarcerated solely on a Board warrant for the period July 27 through July 29, 1987. *Smith v. Pennsylvania Board of Probation and Parole,* 131 Pa.Commonwealth Ct. 360, 570 A.2d 597 (1990).