# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Glushko,                          :
                Petitioner       :
                                       :
        v.                               :  No. 1127 C.D. 2017
                                         :  Submitted: January 26, 2018
Pennsylvania Board of Probation    :
and Parole,                              :
                Respondent      :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                        **FILED: March 6, 2018**

Andrew Glushko (Glushko) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that dismissed as untimely his petition for administrative review following a Board recommitment order.  Glushko does not dispute his petition for administrative review was untimely; however, he asserts the Board erred in refusing to correct a clerical error in its recommitment order.  Upon review, we affirm.

## I. Background

In 2008, Glushko was charged with unlawful contact with a minor and related offenses; thereafter, a jury found him guilty following a trial.  In 2009, Glushko received an aggregated four-to-eight-year prison sentence. Glushko's original minimum sentence date was October 19, 2013, and his original maximum sentence date was October 19, 2017.

In March 2014, the Board released Glushko on parole. About six months later, Glushko was arrested on several technical parole violations. Glushko waived his right to a violation hearing and to counsel, and he admitted to four technical parole violations. Ultimately, the Board recommitted Glushko as a technical parole violator to serve six months' backtime.

In March 2015, the Board again released Glushko on parole. About a month later, the Pennsylvania State Police (PSP) arrested Glushko on new criminal charges, including failure to register as a sex offender and failure to provide accurate registration information. As a result of the new charges, Glushko was detained in Monroe County Jail. The Monroe County Court of Common Pleas set bail at $10,000; Glushko did not post bail. The Board also lodged a warrant to commit and detain Glushko pending disposition of the new charges.

In November 2015, Glushko pled guilty to failure to register with the PSP. Shortly thereafter, Glushko was sentenced to two to four years in state prison on the new charges.

The Board subsequently provided Glushko with a notice of charges and its intent to hold a revocation hearing based on his new conviction. Glushko waived his right to a panel hearing. The Board held a revocation hearing at which Glushko was represented by counsel.

After the hearing, the Board recommitted Glushko as a convicted parole violator to serve six months' backtime. The Board's decision, mailed May 18, 2016,

2

formally recommitted Glushko as a convicted parole violator and recalculated his maximum sentence date from October 19, 2017 to May 7, 2019. It also listed Glushko's custody for return date as April 5, 2016.

> Further, the Board's decision stated:
>
> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT. …

Certified Record (C.R.) at 119. Glushko did not file a petition for administrative review with the Board within 30 days of the Board's May 18, 2016 decision.

Thereafter, on April 26, 2017, nearly a year after its May 18, 2016 decision, the Board received Glushko's petition for administrative review. In his petition, Glushko asserted the Board's May 18, 2016 decision contained a clerical error, and, therefore, the Board had jurisdiction to correct it. Specifically, he asserted the Board's May 2016 decision erroneously listed his custody for return date as April 5, 2016, but he could not have been in the Board's custody until April 18, 2016, the date the Board recorded its decision recommitting him as a convicted parole violator. In response, the Board issued a decision finding that Glushko's April 2017 administrative appeal sought relief of the Board decision mailed May 18, 2016; as a

3

result, it dismissed Glushko's appeal as untimely. Glushko now petitions for review to this Court.

## II. Discussion
### A. Contentions

On appeal,[1] Glushko does not dispute the Board's determination that he did not file a timely petition for administrative review. Instead, he asserts the Board made a clerical error in its recommitment order regarding his custody for return date. More particularly, he argues the correct custody for return date is April 18, 2016, the date the Board recorded its decision recommitting Glushko as a convicted parole violator on his new conviction, rather than April 5, 2016, the date utilized by the Board here.

Although his petition for administrative review was untimely, Glushko contends the Board has the inherent power to correct clerical errors in its orders at any time. Lord v. Pa. Bd. of Prob. & Parole, 580 A.2d 463 (Pa. Cmwlth. 1990) (discussing Murgerson v. Pa. Bd. of Prob. & Parole, 579 A.2d 1335 (Pa. Cmwlth. 1990); McFarland v. Pa. Bd. of Prob. & Parole, 569 A.2d 374 (Pa. Cmwlth. 1989); Winters v. Pa. Bd. of Prob. & Parole, 518 A.2d 618 (Pa. Cmwlth. 1987)).

Glushko maintains that time spent serving a new sentence, prior to revocation of an inmate's parole, must be credited to the new sentence. Plummer v. Pa. Bd. of Prob. & Parole, 926 A.2d 561 (Pa. Cmwlth. 2007); Hill v. Pa. Bd. of Prob. & Parole, 683 A.2d 699 (Pa. Cmwlth. 1996); Campbell v. Pa. Bd. of Prob. & Parole,

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 74 (Pa. Cmwlth. 2013).

4

409 A.2d 980 (Pa. Cmwlth. 1980). Because this rule is so well-established, Glushko argues, the Board clearly intended to begin Glushko's recommitment on the date it actually revoked his parole, April 18, 2016. Glushko argues that, beginning his sentence earlier than this date, results in his new sentence effectively being shortened by almost two weeks—two weeks he will be required to serve at a later date. Therefore, Glushko contends the Board must correct its clerical error and allot the proper time to his new sentence.

### B. Analysis

Pursuant to the Board's regulations, a parolee must appeal a decision revoking his parole within 30 days of the mailing date of the Board's order or the appeal will be dismissed as untimely. 37 Pa. Code §73.1(b)(1); see also Smith v. Pa. Bd. of Prob. & Parole, 81 A.3d 1091 (Pa. Cmwlth. 2013); Cadogan v. Pa. Bd. of Prob. & Parole, 541 A.2d 832 (Pa. Cmwlth. 1988). The 30-day appeal period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown in the administrative process sufficient to warrant relief *nunc pro tunc* or "now for then." Smith; Moore v. Pa. Bd. of Prob. & Parole, 503 A.2d 1099 (Pa. Cmwlth. 1986).

Here, Glushko did not file an administrative appeal with the Board within 30 days of its decision mailed on May 18, 2016. Glushko does not argue that he failed to receive proper notice of the decision. Further, the notice of the Board's decision contained clear language indicating Glushko was required to file his appeal within 30 days. Additionally, Glushko's brief to this Court does not assert fraud or a breakdown in the administrative process. At no point does he explain the nearly one-year delay in filing his petition for administrative review.

5

Instead, he argues the Board has the inherent power to correct clerical errors in its orders at any time, see e.g., Lord,[2] and the Board here made a clerical error in its recommitment order regarding his custody for return date. To that end, Glushko asserts the correct custody for return date is April 18, 2016, the date the Board's recommitment decision was recorded, rather than April 5, 2016, as determined by the Board. This argument fails.

Section 6138 of the Prisons and Parole Code governs recommitment of convicted parole violators. It states, as relevant (with emphasis added):

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

---

[2] In Lord v. Pennsylvania Board of Probation & Parole, 580 A.2d 463, 466 (Pa. Cmwlth. 1990), this Court stated (with emphasis added):

[The parolee] also contends that the Board's rescission of his parole was untimely because the Board regulation found at 37 Pa. Code § 73.1(a) provides that Board orders must be appealed within thirty days of their mailing date. In other words, [the parolee] contends that the Board's action in this matter constituted an appeal by the Board of its own order. However, the language of this section clearly indicates it applies only to administrative appeals of Board revocation decisions. Because the Board's action in this case amounted only to the correction of a clerical error, the thirty day appeal period in Section 73.1 does not apply.

6

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H1 (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

* * * *

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.
(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence

7

imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(1), (2), (2.1), (4), (5).

The requirement that a convicted parole violator serve the balance of his original sentence before beginning service of a newly-imposed sentence is only operative when "parole has been revoked and the remainder of the original sentence becomes due and owing." Campbell, 409 A.2d at 982 (quoting Richmond v. Commonwealth, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979)) (emphasis added); accord McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993); Oliver v. Pa. Bd. of Prob. & Parole, 570 A.2d 1390 (Pa. Cmwlth. 1990).

The remainder of an original sentence becomes due and owing upon authorized Board action. Section 6113(b) of the Prisons and Parole Code authorizes the Board to act on revocation decisions in panels consisting of two persons. 61 Pa. C.S. §6113(b). Here, a hearing examiner held Glushko's revocation hearing and determined his parole should be revoked. A little over two weeks later, a Board member agreed with the hearing examiner's determination, as evidenced by the member's April 5, 2016 signature on the revocation hearing report. C.R. at 104. Once the Board obtained the second required signature, it was authorized to revoke

8

Glushko's parole. 61 Pa. C.S. §6113(b). As a result, the Board properly determined that the remainder of Glushko's original sentence became due and owing on April 5, 2016. C.R. at 120; see Wilson v. Pa. Bd. of Prob. & Parole, 124 A.3d 767 (Pa. Cmwlth. 2015); Campbell.

Indeed, "this Court has long held that a convicted parole violator's custody for return date is determined by the date of the revocation of parole." Wright v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 877 C.D. 2015, filed November 5, 2015), slip op. at 8, 2015 WL 6829240 at *4 (unreported).[3] As explained above, the Board revoked Glushko's parole on April 5, 2016, when it obtained the required signatures to do so; thus, the Board properly utilized that date as Glushko's custody for return date. Id. As such, the Board made no clerical error regarding Glushko's custody for return date.

Accordingly, we affirm.[4]

---

[3] We cite Wright v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 877 C.D. 2015, filed November 5, 2015), 2015 WL 6829240 (unreported), as persuasive precedent. 210 Pa. Code §69.414(a).

[4] Glushko asserts that under Plummer v. Pennsylvania Board of Probation and Parole, 926 A.2d 561 (Pa. Cmwlth. 2007), Hill v. Pennsylvania Board of Probation and Parole, 683 A.2d 699 (Pa. Cmwlth. 1996), and Campbell v. Pennsylvania Board of Probation and Parole, 409 A.2d 980 (Pa. Cmwlth. 1980), the rule applied in calculations of minimum and maximum sentence dates is that the Board must credit the time a parolee spends in custody between the date of conviction on the new charge and the date the Board recommits a parolee as a convicted violator to the new sentence. Despite this general assertion, Glushko offers no specific, developed explanation as to how the Board failed to comply with this rule here. Instead, he challenges only his return for custody date, which as explained above, the Board calculated properly.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Glushko,                         :
                    Petitioner           :
                                         :
            v.                           :       No. 1127 C.D. 2017
                                         :
Pennsylvania Board of Probation          :
and Parole,                              :
                    Respondent           :

# **O R D E R**

**AND NOW**, this 6th day of March, 2018, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge