IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maurice A. Cooper,           :
                                     :
                 Petitioner    :
                                     :
           v.                   :  No. 342 C.D. 2023
                                     :  Submitted: July 5, 2024
Pennsylvania Parole Board,    :
                                     :
              Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: December 23, 2024

        Maurice A. Cooper (Parolee), petitions for review of the March 2, 2023 order of the Pennsylvania Parole Board (Board), denying his challenge to the Board Action recorded April 12, 2022, which recalculated Parolee's maximum sentence date as September 16, 2033. Parolee argues that the Board's recalculation improperly rescinded its award of credit for time spent at liberty on parole thereby constituting an abuse of the Board's discretion. After careful review, we affirm.

        On October 3, 2001, Parolee pleaded guilty to gun-related charges. Certified Record (C.R.) at 1. Parolee likewise pleaded guilty on November 1, 2001, to two additional charges: one count of general aggravated assault and one count of manufacture/sale/delivery or possession with the intent to sell drugs. *Id.* All told, Parolee was sentenced to serve 3 years and 2 months to 20 years in a state correctional institution (SCI). The sentence carried a corresponding minimum sentence date of January 1, 2005, and a maximum sentence date of November 1,

2021.  *Id*. at 2.  Consistent with this sentencing, Parolee was released on parole on August 28, 2005.  *Id*. at 7.

However, the Mercer County Drug Task Force arrested Parolee on January 13, 2009, and the Board opted to detain Parolee pending the disposition of his new criminal charges.  C.R. at 13.  Ultimately, the Board recommitted Parolee as a convicted parole violator (CPV) under institution number EU-9009; determined that Parolee was ineligible for reparole until February 27, 2012; and recalculated Parolee's maximum sentence date as September 21, 2016.  *Id*. at 16.  The Board subsequently granted reparole at the earliest opportunity and Parolee was released from service on his original sentence to constructive parole, *i.e.*, he remained incarcerated in an SCI to commence service on his new sentence under institution number KK-5867.  *Id*. at 19.  On January 13, 2014, the Board released Parolee at liberty on parole from the service of his new sentence, but explained that Parolee must remain on reparole on his original sentence until the relevant controlling maximum sentence date expired.  *Id*. at 27.

According to Parolee's supervision history, Parolee was then "transferred to West Virginia via [the Interstate Compact Offender Tracking System] in August of 2016."  C.R. at 38.  However, on November 11, 2016, Parolee was arrested in Ohio for trafficking cocaine.  *Id*.  Thereafter, for a separate offense, Parolee was charged with illegal conveyance of prohibited items in a governmental facility.  *Id*.  Parolee pleaded guilty to his charges, and upon conviction, Parolee received respective sentences of 3 years and 18 months of incarceration in an Ohio correctional institution.  *Id*. at 40-71.

On March 28, 2017, the Board lodged a detainer against Parolee.  C.R. at 40.  Following the conclusion of Parolee's service on his Ohio convictions,

2

Parolee was returned to the Board's custody. The Board subsequently held a revocation hearing on October 28, 2021, where Parolee acknowledged his conviction and waived his right to counsel. *Id*. at 74. In its hearing report, the Board rejected the Hearing Examiner's recommendation to deny parolee credit for time spent at liberty on parole. Instead, the Board awarded Parolee partial credit for time spent at liberty from the date of his release, recorded as January 12, 2014, until the date of his transfer to West Virginia, August 1, 2016.[1] *See id*. at 79. In a Board Action recorded November 18, 2021, the Board recommitted Parolee as a CPV; determined Parolee was not eligible for reparole until March 11, 2023; and recalculated his maximum sentence date as November 1, 2031. *Id*. at 88.

However, upon a "review of information," the Board realized its calculation did not reflect the Board's decision as recorded in its hearing report. C.R. at 92. More particularly, the Board's initial calculation credited Parolee with 1,617 days of credit to reflect the period of constructive parole he served under institution number KK-5867 and the subsequent period where Parolee was at liberty from confinement but remained in Pennsylvania from February 27, 2012, to August 1, 2016. *Id*. at 86. Hence, in a Board Action recorded April 12, 2022 (Modified Board Action), the Board modified its recommitment order to accurately reflect the period which Parolee had been awarded credit for time at liberty - a period of only 932 days

---

[1] The Certified Record indicates that Parolee was initially released on reparole on January 13, 2014. However, in its hearing report and subsequent orders to recommit, the Board appears to have mistakenly used January 12, 2014, as his release date. Because this mistake actually favors Parolee, we view it as harmless error. *See Garner v. Pennsylvania Human Relations Commission*, 16 A.3d 1189, 1200 (Pa. Cmwlth. 2011) (quoting *D.Z. v. Bethlehem Area School District*, 2 A.3d 712, 726 (Pa. Cmwlth. 2010) ("[R]eversible error requires the determination 'must not only be erroneous, but also harmful to the complaining party.' '[A]n order of an administrative agency will not be disturbed for harmless error.'"). In any case, as discussed *infra*, the Board may award at liberty credit to a parolee for time spent on constructive parole. Thus, the award of this single day is well within the Board's discretion.

from January 12, 2014, to August 1, 2016 - and recalculated his maximum sentence date as September 16, 2033. *Id*. at 90-92.

In an Administrative Remedies Form received on April 19, 2022, Parolee appealed the Modified Board Action. C.R. at 93. Therein he argued:

> I was reparoled on [February 27, 2012,] to my new prison number KK-5867. I did not leave the prison system until [January 12, 2014]. So [from February 27, 2012, to January 14, 2014,] I was in [SCI-Mercer]. So that [period of 1 year, 10 months, and 15 days] should not be added to my max time.

*Id*. at 93.

In a response recorded on March 2, 2023, the Board denied Parolee's appeal. In relevant part, the Board explained that it "applied no credit from February 27, 2012[,] to January 13, 2014[,] toward [Parolee's] original sentence because [he] was not entitled to such credit even though [he] was reparoled to a detainer sentence." C.R. at 95-96 (citing *Rosenberger v. Commonwealth*, 510 A.2d 866 (Pa. Cmwlth. 1986)). Because Parolee owed 5,320 days on his original sentence under institution number EU-9009 at the time of his reparole, and because the Board credited Parolee with 932 days of credit for time spent at liberty on parole, the Board determined that 4,388 days remained outstanding on Parolee's original sentence. *Id*. at 95-96. Thus, the Board calculated Parolee's new maximum sentence date by adding 4,388 days to September 11, 2021, the date on which he became available to resume service of his original sentence, which yielded a new maximum sentence date of September 16, 2033. *Id*. at 96.

Parolee filed a timely Petition for Review in this Court on April 3, 2023. Before this Court, Parolee asserts that the Board abused its discretion in rescinding

4

credit it had awarded contemporaneously with its decision to recommit Parolee as a CPV. Petitioner's Brief at 4. We disagree.[2]

Parolee argues that the Hearing Examiner's report "clearly establishes . . . the stated conclusion that because the instant conviction was the same or similar to the original offense, the award of parole liberty credit should be limited to the period between his parole release and the date he was permitted to transfer his supervision to West Virginia." Petitioner's Brief at 14. As such, Parolee maintains that the Board's unilateral recission of credit in its Modified Board Action violates the requirements enunciated in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017) (the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty contemporaneously with its recommitment order). Petitioner's Brief at 15. Furthermore, Parolee believes that the Board erred in denying credit for the period he remained incarcerated at SCI-Mercer under institution number KK-5867. In his view, because periods of constructive parole are nevertheless considered to be time spent at liberty on parole, the Board's contemporaneous award of credit for that period in the Board Action recorded November 18, 2021, should not be subject to the Board's unilateral recission. *Id.* at 16-17 (citing *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 384 (Pa. 1980)). Finally, Parolee asserts that our Supreme Court's decision in *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810, 813-14 (Pa. 2020), countenances against the Board's recission of previously awarded credit. Petitioner's Brief at 16-17.

---

[2] "Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013) (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704).

In contrast, the Board argues that its Modified Board Action was meant to rectify a clerical error, not to rescind previously awarded credit. Respondent's Brief at 5, 7 (citing, *e.g.*, *Lord v. Pennsylvania Board of Probation and Parole*, 580 A.2d 463, 465 (Pa. Cmwlth. 1990); *Winters v. Pennsylvania Board of Probation and Parole*, 518 A.2d 618 (Pa. Cmwlth. 1986)). In fact, the Board argues that the hearing report evidences it never intended to award credit to Parolee for his period of constructive parole and that the Board Action recorded on November 18, 2021, credited this period of constructive parole because of a staff member's computational error. *Id*. at 6-8. Finally, the Board agrees with Parolee that, per *Hines*, it could have credited that period towards Parolee's original sentence. *Id*. at 8. However, in accord with *Rosenberger*, and given the Board's discretion in the matter, it simply opted not to. *Id*.

Preliminarily, the Prisons and Parole Code (Parole Code) empowers the Board to "make decisions on parole, reparole, return or revocation in panels of two persons . . . . consist[ing] of one [B]oard member and one hearing examiner or of two [B]oard members." 61 Pa. C.S. §6113(b). Further, as we have previously observed,

> [w]e firmly believe that an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. It may likewise correct factual errors which are not in dispute, and indeed even factual misconceptions . . . . It may not, however, absent a petition for reconsideration or the granting of the opportunity to be heard by way of oral argument or brief, reverse itself on the substantive issues previously decided.

*Lord*, 580 A.2d at 465 (citing *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973)).

Here, the hearing report clearly substantiates the Board's position that in making a decision on Parolee's revocation, it did not award Parolee credit for the period of constructive parole that he served under institution number KK-5867. Rather, after rejecting the Hearing Examiner's recommendation of a total denial of credit for time spent at liberty in favor of partial credit, the Board awarded "credit for time at liberty from **01/12/2014** date of release onto parole supervision through **08/01/2016**, when [Parolee] transferred his supervision from [Pennsylvania] to [West Virginia]." C.R. at 77 (emphasis added). Yet, due to a staff member's computational error, the Board Action recorded on November 18, 2021, failed to accurately reflect the Board's decision regarding Parolee's recommitment. Because this clerical error was both obviated and supported by the record, the Board was well within its power to correct the error by virtue of the Modified Board Action. *See also Baxter v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1736 C.D. 2015, filed May 16, 2016), slip op. at 10-12.[3] To hold otherwise would be to conclude that a staff member's clerical error was binding on the Board - even though it is the Board, rather than its staff, which has the power to make parole decisions. *McFarland v. Pennsylvania Board of Probation and Parole*, 569 A.2d 374, 377 (Pa. Cmwlth. 1989).[4]

---

[3] *See* Pa. R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

[4] As a consequence, we do not believe that the Board offended the requirements articulated in *Pittman*, 159 A.3d at 473.

7

We therefore view Parolee's arguments to the contrary as a mischaracterization of the Modified Board Action.[5] For example, while Parolee relies on *Young* for the proposition that the Board requires statutory authorization before rescinding previously awarded credit, *Young* and the instant matter are readily distinguishable. Therein, our Supreme Court concluded that once the Board exercises its discretion to award street time credit, it cannot "reach back" and rescind that credit in a subsequent revocation proceeding. *Young*, 225 A.3d at 813-14. Stated differently, the Board may not grant street time credit to a parolee in a recommitment order, reparole the parolee, and then rescind that credit upon yet another parole revocation, because the Parole Code "does not authorize the Board to withdraw an award previously granted pursuant to Section 6138(a)(2.1)." *Id*. at 814.

Here, however, the Board is not reaching back to withdraw previously granted credit. Rather, as indicated, the purpose of the Board's Modified Board Action was to ensure conformity with the Board's actual award per the hearing report. Although it is unfortunate that the Board miscommunicated its award of at liberty credit to Parolee, this miscommunication certainly did not create a vested right to the mistaken award of credit therein. Therefore, *Young* is not probative here because the Board's statutory authority under Section 6138(a)(2.1) of the Parole Code is not implicated by the Board's correction of a clerical error.

To the extent the Board's statutory authority is implicated at all, by way of Parolee's argument that the Board abused its discretion by denying Parolee credit for time spent on constructive parole, we must likewise disagree. Section 6138(a)(2)-(2.1) of the Parole Code provides:

---

[5] Curiously, while Parolee acknowledges that the Board limited Parolee's award of credit for time spent at liberty to the period between his reparole and his transfer to West Virginia, he ignores the Board's explicit reference to the dates January 12, 2014, and August 1, 2016.

> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The [B]oard may, **in its discretion**, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole . . . .

61 Pa. C.S. §6138(a)(2)-(2.1) (emphasis added). Additionally, it is well settled that periods of constructive parole are deemed to be at liberty from that particular sentence. *See Hines*, 420 A.2d at 384 (quoting *Haun v. Cavell*, 154 A.2d 257, 261 (Pa. Super. 1959)) ("What the legislature must have intended by 'at liberty on parole' is not at liberty from all confinement but at liberty from confinement on the particular sentence for which the convict is being reentered as a parole violator."). Thus, while the Board has discretion to award at liberty credit, it remains true, as in *Rosenberger*, 510 A.2d at 867, that parolees are not *entitled* to at liberty credit - for constructive parole or otherwise.

Taken together, the Parole Code empowered the Board to exercise its discretion in this matter to determine whether to award Parolee credit toward his original sentence for the relevant period of constructive parole. The Board did just that by declining to do so.

Accordingly, the Board's decision is affirmed.

MICHAEL H. WOJCIK, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maurice A. Cooper,                :
                                      :
              Petitioner   :
                                        :
           v.                 : No. 342 C.D. 2023
                                        :
Pennsylvania Parole Board,   :
                                        :
            Respondent :

# **O R D E R**

AND NOW, this 23rd day of December, 2024, the March 2, 2023, order of the Pennsylvania Parole Board is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge