# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Picarella, Jr., : 
                Petitioner : 
       : No. 1741 C.D. 2024
      v. : 
       : Submitted: March 3, 2026
Pennsylvania Parole Board, : 
                Respondent : 

BEFORE:   HONORABLE LORI A. DUMAS, Judge
             HONORABLE MATTHEW S. WOLF, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                          **FILED: April 6, 2026**

Charles Picarella, Jr. (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed November 13, 2024, denying his request for administrative relief. Additionally, Kent D. Watkins, Esq. (Counsel), Petitioner's court-appointed counsel, has filed a letter pursuant to *Commonwealth v. Turner*[1] and an application to withdraw, asserting that this appeal lacks merit. After careful review, we grant Counsel's application to withdraw and affirm the Board.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

# I. BACKGROUND[2]

On May 10, 2023, Petitioner was released on parole, with a maximum sentence date of May 5, 2031. *See* Order to Release on Parole/Reparole, 2/1/23. However, Petitioner was arrested on May 10, 2024, in a district outside of his approved parole supervision district on new criminal charges. *See* Bd. Action, 5/31/24; Conditions Governing Parole/Reparole, 5/9/23, at no.1. The Department of Corrections issued a warrant to detain Petitioner on May 15, 2024. *See* Warrant to Commit & Detain, 5/15/24. Petitioner waived his right to a revocation hearing and signed a form acknowledging that he knowingly, voluntarily, and willingly violated a condition of his parole. *See* Waiver of Violation Hr'g & Counsel/Admission Form, 6/10/24.[3]

---

[2] Unless otherwise stated, we base the background on the Board's response to Petitioner's administrative remedies form and correspondence seeking administrative relief, mailed November 13, 2024. *See* Resp. to Admin. Remedies Form, 11/13/24, at 1-2.

[3] The form states:

> I have been advised of my rights to a preliminary hearing, a violation hearing and counsel at those hearings. I have also been advised that there is no penalty for requesting counsel, that free counsel is available if I cannot afford to retain counsel, and the name and address of the local public defender. With full knowledge and understanding of these rights, I hereby waive my right to a preliminary hearing, a violation hearing and counsel at those hearings. I waive these rights of my own free will, without any promise, threat or coercion.
> . . .
> On the 10th day of June 2024, I [Petitioner] do knowingly, intelligently, and voluntarily admit that: I was in violation of the terms and conditions of my parole. The specific violation(s) that I committed was/were
>     CONDITION #1: REPORT IN PERSON OR IN WRITING WITHIN 48 HOURS TO THE DISTRICT OFFICE OR SUBOFFICE LISTED BELOW, AND DO NOT LEAVE THAT DISTRICT WITHOUT PRIOR WRITTEN PERMISSION OF THE PAROLE SUPERVISION STAFF.
>
> I knowingly, voluntarily, and willingly admit to the violation(s) listed above. I understand and agree that this admission is binding and may only be withdrawn if

On July 2, 2024, the Board revoked Petitioner's parole and recommitted him for six months as a technical parole violator because he was in violation of "Condition #1, failure to report within 48 hours." *See* Bd. Action, 7/2/24. The Board noted Petitioner's early failure on parole or reparole, his failure to comply with sanctions, prior parole or reparole probation failure, and a pattern of parole failure in Petitioner's criminal history, as a basis for the violation. *See id.*

On July 29, 2024, Petitioner challenged the decision on the basis that he had not violated his parole by failing to report to his parole agent. *See* Admin. Remedies Form, 7/29/24. Upon review, the Board modified its decision to correct a typographical error.[4] The original decision stated that Petitioner violated parole condition #1 by failing to report within 48 hours, and the corrected decision reflects that Petitioner violated parole condition #1 by leaving the district without permission. *Compare* Bd. Action 7/2/24 *with* Bd. Action 11/12/24; *see also* Resp. to Admin. Remedies Form, 11/13/24. A second request for administrative relief was denied as an unauthorized, second appeal. *See* Admin. Remedies Form, 11/25/24; Resp. to Admin. Remedies Forms, 12/4/24.

On December 5, 2024, Petitioner *pro se* petitioned for this Court's review, asserting that the Board's decision was unsupported and violated his right to due process. *See* Pet. for Rev., 12/5/24. On January 7, 2025, Counsel entered his appearance on behalf of Petitioner. *See* Entry of Appearance, 1/7/25. Thereafter, on March 5, 2025, Counsel filed an application to withdraw as counsel and a *Turner*

---

I submit a written withdrawal to my supervising agent, within ten (10) calendar days of the date written above.

Waiver of Violation Hr'g & Counsel Admission Form, 6/10/24.

[4] As is clear from the record, the Board's error is more accurately described as clerical, not typographical. The distinction is irrelevant here.

letter, asserting that Petitioner's issues lack merit. *See* Counsel's *Turner* Letter, 3/5/25; Application to Withdraw as Counsel, 3/5/25.

## II. APPLICATION TO WITHDRAW[5]

We first consider whether Counsel's *Turner* letter and application to withdraw comply with the *Turner/Finley* requirements. A *Turner* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928, stating that counsel's letter must detail "the nature and extent of [counsel's] review and list[] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless").

Further, before any request to withdraw may be considered, appointed counsel must: (1) notify the client of his request to withdraw, (2) furnish the client with a copy of his no-merit letter, and (3) provide the client with a statement advising the client of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *See Zerby*, 964 A.2d at 960; *White v. Pa. Bd. of*

---

[5] Initially, appointed counsel was required to file an *Anders* brief, which included a neutral presentation of the legal issues. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated on other grounds*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Later, the United States Supreme Court reasoned that the substantive *Anders* requirements did not apply where there was no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Pennsylvania Supreme Court adopted a less stringent standard in which appointed counsel was required to provide a "no-merit" letter, "which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009) (discussing *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988)) (cleaned up).

*Prob. & Parole*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022); *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *See Zerby*, 964 A.2d at 960. If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *See id.*

Instantly, upon review, Counsel has satisfied these requirements. *See id.* Counsel has identified the issue raised by Petitioner in his appeal. *See* Counsel's *Turner* Letter. Counsel thoroughly discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal, and explained why those issues lacked merit. *See id.* Counsel explains that Petitioner has waived his right to a revocation hearing and admitted to his technical violation and therefore has no basis for appeal. *See id.* Additionally, Counsel has served copies of both the application to withdraw and *Turner* letter on Petitioner. *See* Certificate of Serv., 3/5/25. Counsel informed Petitioner of his right to retain new counsel or raise any points that he might deem worthy of consideration.[6] *See* Counsel's *Turner* Letter at 6. Because Counsel has demonstrated compliance with the standards outlined in *Turner*, we review the merits of Petitioner's appeal. *See Zerby*, 964 A.2d at 960 and *Hughes*, 977 A.2d at 26.

### III. DISCUSSION[7]

Petitioner asserts that the Board erred in dismissing his second request for administrative relief "as unauthorized" because the Board's decision to modify its original decision substantially changed the nature of the decision, such that

---

[6] Petitioner has filed a *pro se* brief. *See* Pet'r's Br., 4/17/25.

[7] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether the exercise of its discretion violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704.

Petitioner should have been afforded the opportunity to have his administrative relief request considered on its merits. *See* Pet'r's Br. at 4. Because the Board failed to consider Petitioner's request, he contends that he was denied due process. *See id.* at 5. Petitioner requests that this Court vacate the Board's action and issue sanctions.[8] *See id.* at 8.

> It is well settled that
>
> > an administrative agency, on its own motion, having provided the proper notice and explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. It may likewise correct factual errors which are not in dispute, and indeed even factual misconceptions . . . . It may not, however, absent a petition for reconsideration or the granting of the opportunity to be heard by way of oral argument or brief, reverse itself on the substantive issues previously decided.

*Lord v. Pa. Bd. of Prob. & Parole*, 580 A.2d 463, 465 (Pa. Cmwlth. 1990) (quoting *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Comp. Bd. of Rev.*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973)).

Additionally, a technical parole violator is an offender "under the jurisdiction of the [B]oard who violates the terms and conditions of his parole," and may be "recommitted after a hearing before the [B]oard or a waiver of the hearing." 61 Pa.C.S. § 6138(c). A technical parole violator subject to a first recommitment shall be recommitted for a period of up to six months. 61 Pa.C.S. § 6138(d)(3)(i).

---

[8] Although Petitioner's arguments challenge decisions entered by the Board in both November and December 2024, the petition for review filed by Petitioner only requests this Court's review of the November decision, in which the Board explained that it had modified its July recommitment order solely to correct a typographical error. *See* Pet. for Rev. This does not limit our ability to review the substance of Petitioner's arguments, which essentially challenge the Board's modified decision. Those arguments were timely preserved.

Here, the Board notified Petitioner that he was being charged with a violation of parole condition #1, which required him to "[r]eport in person or in writing within 48 hours to the district office or sub-office listed below, and *do not leave that district without prior written permission of the parole supervision officer*." *See* Notice of Charges & Hr'g, 6/10/24 (emphasis added). Following his arrest on new charges in another district, Petitioner waived his right to a hearing and signed a form admitting that he had violated this condition of his parole. *See* Waiver of Violation Hr'g & Counsel/Admission Form, 6/10/24. Petitioner did not withdraw his admission, and the waiver form reflects that Petitioner voluntarily, knowingly, and willingly waived his right to a violation hearing and admitted to the specific parole violation. *See id.*

Further, the revocation hearing report substantiates the Board's explanation that its November modification merely corrected a typographical or clerical error. Consistent with the notice given Petitioner, the hearing report states that Petitioner "was charged with violating parole condition #1: Report in person or in writing within 48 hours to the district office or sub-office listed below and do not leave that district without prior written permission of the parole supervision staff." Revocation Hr'g Report, 7/1/24.

Nevertheless, in describing its recommitment order, the Board included only the first half of condition #1, *i.e.*, "failure to report within 48 hours." *See* Bd. Action, 7/2/24. Clearly, this was an inadvertent typographical or clerical error. Importantly, Petitioner does not dispute the violation itself, nor does he suggest that his admission was unknowing, involuntary, or unwilling. *See* Pet. for Rev.; Pet'r's Br. Therefore, the Board acted within its discretion to correct the description of its

7

reason for recommitting Petitioner. *See Lord*, 580 A.2d at 465; 61 Pa.C.S. § 6138(c); 61 Pa.C.S. § 6138(d)(3)(i).

## IV. CONCLUSION

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner/Finley*, and our independent review of the record confirms that Petitioner's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw his appearance and affirm the Board's decision. *See Zerby*, 964 A.2d at 960; *Lord*, 580 A.2d at 465.

**LORI A. DUMAS, Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Picarella, Jr., :
                Petitioner :
                 : No. 1741 C.D. 2024
          v. :
                 :
Pennsylvania Parole Board, :
                Respondent :

## **O R D E R**

AND NOW, this 6th day of April, 2026, we GRANT the Application to Withdraw filed by counsel, Kent D. Watkins, Esq., and AFFIRM the Pennsylvania Parole Board's decision, mailed November 13, 2024.

 

**LORI A. DUMAS, Judge**